Judge Gkaham
delivered the opinion of the Court.
The third section of the act of 1838, (3 Stat. Law, 559) declares that after first July, 1838, sureties on all written obligations other than those provided for in the first and second sections of that act, shall be discharged from all liability on such obligations when seven years shall have elapsed without suit, after the cause of action accrued thereon. The discharge given by this act is legal, and not equitable.,. Like the ordinary statute of limitations in actions of assumpsit, and other actions at law, if the defendant,fails to plead at law, he cannot afterwards in a suit in equity, be permitted to rely on the lapse of time; so in this case, the defendant might have plead at law, the lapse of seven years from the time when the cause of action accrued, and thus have defeated the plaintiffs action; but not having availed himself of that privilege, he now- speaks too late, and cannot be heard in a court of equity.
The complainant, William Caldwell, is not therefore entitled to relief, because of the failure of the obligee to sue, at law, until seven years had elapsed after the note became due. But, by reason of the other matters relied upon in his bill, he is entitled to relief in chancery, but not to the full extent of that given by the decree. The mortgage executed by John J. Caldwell to Willis and Cole, expressly conveys the land, negro, and personal property, to the grantees to secure the payment of the sums of money mentioned in the mortgage, “and to indemnify and keep secure his securities in the *200 several cases wherein he has given security.” William Caldwell, the complainant, was surety in two of the notes mentioned, and Ewing was surety in another. The sureties, by the terms of the mortgage, had an equitable interest in all the property mentioned in the mortgage; they are in fact virtually mortgagees, though not named as such in the deed. Willis and Cole received the conveyance, not only as a security for the debts due to them, but for the additional purpose of saving the sureties as far as possible from injury. There is no preference of debts, no priority or precedence given to one debt over another. The property was equally bound for the whole, and if insufficient to pay the whole, then so far as its value extends, it should be appropriated to each debt in proportion to its amount to the whole. The mortgagees should, as to the sureties, be regarded as trustees, holding the title for the mutual benefit of themselves and the sureties. It would be manifestly unjust, first to take a conveyance of all their debtors property, thereby preventing the sureties from, subjecting it to their demands, if they should pay the debt, or at least only subjecting it subject to the mortgage, and then, after thus taking the property in their own hands, to appropriate the whole of it to the payment of their other demands, to the exclusion of those for which they have personal security. Basing a decree- on the principle of apportioning the property to the debts, there is no difficulty in rendering a decree. The complainant, Willis, received the negro man Harry at $850. She is justly chargeable with $100 for the rent ■of the land. The land has, under the decree of the Court in this cause, been sold for the sum of $1300. Deduct from this last sum the $20 allowed the commissioner for his services, there remains the sum of $1280, to which, adding the aforesaid $850 and $100, we have the agrégate of $2,230. Take the several sums due to Mrs. Willis, as mentioned in the mortgage, and add thereto the sum of $670 42, paid by her on the 28th .January, 1842, to Cole, the whole sum due to her will be thus ascertained. Appropriate, pro rata, -the said *201 sum of $2,230 to the several sums due, and giving to the two notes on which William Caldwell is surety, and on which judgment, at law, has been had, the portion of credit, to which each one is entitled, will be thus ascertained, and should be directed to be done by decree. For these sums, the injunction granted the complainant should be perpetuated* but for the residue of the judgment enjoined, the injunction should be dissolved with damages. The complainant is entitled to his costs in the chancery suit.
Loughborough 4* Ballard for plaintiff; B„ 4’ Á-. Monroe for defendants.
We do not regard the proof as süfficient to show such a purchase of the land by Mrs. Willis* as can be enforced. If one was made, it was by parol, and is expressly denied by both the supposed contracting parties. All that the complainant can ask* is that the sum for which the land sold be appropriated as herein before suggested to the payment of the mortgage demands. Nor shall she be charged with the personal property used by John J. Caldwell. It does not appear that she had notice of the existence of the mortgage until after the crop had been consumed, and the personal property, which was of hut small value* had been wasted or used by the mortgagor. Besides this, the complainant had an interest in the mortgage* not indirectly or impliedly, but expressly secured to him; and he might have interferred, and, by proceedings in equity, have prevented the waste of the property-* real and personal;
But for the reasons herein suggested, the decree óf the Circuit Court is reversed, and the cause remanded, with directions to render a decree in conformity with this opinion.