## LARRABEE *versus* LUMBERT.
## SAME *versus* SAME.

Where, upon a promissory note, the plaintiff has received from the defendant interest above the rate of six per cent. per annum, the defendant in the suit upon the note, or in the suit upon the mortgage given to secure such note, is entitled to have such excess deducted.

Where, in either of such actions, such a deduction has been procured by proof introduced by the defendant, the plaintiff is *not*, but the defendant *is*, entitled to recover cost.

Where insurance against fire has been effected upon mortgaged real estate, and the mortgagee has received the insurance money for loss occasioned by fire, he is to account for it, in the same manner as for rents and profits.

If several notes, payable at different times, were secured by the mortgage, and have become overdue, such insurance money is to be appropriated first to the payment of interest on all the notes, and the surplus is to be applied, so far as it will go, to the payment of the principal of the notes, in the order of their respective pay-days.

THE first of these two actions is a WRIT OF ENTRY upon a mortgage, made by the tenant to the demandant, to secure the payment of his four promissory notes, of different pay-days.

The other action is ASSUMPSIT upon the note, last payable, which was for $1000.

In both cases, the *evidence* was submitted to the consideration of the court, by whom judgments were to be entered, according to the legal rights of the parties. The facts which the court deduced from the evidence, are sufficiently stated in the opinions.

*Peters*, for the plaintiff.

*Rowe* and *Bartlett*, for the defendant.

In the action of ASSUMPSIT upon the note, the opinion was announced by

HOWARD, J. — The defendant gave the plaintiff several promissory notes, payable at different dates in the months of October and November, 1847, and secured the payments by a mortgage of land and mills. The note now in suit was last payable. The plaintiff received $1000, on a policy of insurance, March 27, 1849, for destruction by fire of a part of the

mortgaged property. He is willing to allow the nett proceeds of this sum, amounting to $965,38, after deducting the cost of collection, $4,62, and $30, paid by him, in October, 1847, "to keep the policy alive;" but claims the right, which he asserted at the trial, to appropriate it to the payment of the interest due on each of the notes, at the time of its reception, and then to the payment of the principal of the note first payable, which now remains unpaid. The defendant claims the right to make the appropriation of the sum thus received, to the payment of the note declared on in this suit. No question, therefore, arises in this case, as to the right of the mortgagee to charge for insurance effected by him upon the mortgaged property, or to retain the amount received, as his own money. *White* v. *Brown,* 2 Cushing, 412.

If this could be regarded as an independent payment by the defendant, he would have the right to direct the application, under the general rule of law ; but it cannot be so regarded. It was not paid by him or by his directions. It was not his money or money under his control, when received by the creditor, but was the proceeds of the property embraced by the mortgage, and for which the mortgagee may be chargeable as for rents and profits. R. S. chap. 125, sect. 23. If the defendant had instituted a bill in equity to redeem, the sum thus received by the plaintiff for insurance must have been accounted for as profits obtained from the estate, and could not have been regarded as payment in any other mode. It would be payment in the sense, only, in which all rents and profits are payments. If the mortgager or his assignee cut timber from the estate, the mortgagee may recover the value. *Bussey* v. *Page,* 14 Maine, 132 ; *Frothingham* v. *McKusick,* 24 Maine, 403. In such case, if the mortgager redeem, the mortgagee must account for the amount as profits. So, when the mortgagee seized timber, cut from the estate, he was held to account for the proceeds. *Gore* v. *Jenness,* 19 Maine, 53. So, if he received the value of a dwellinghouse, removed from the premises, he must account for it as profits. *Smith* v. *Goodwin,* 2 Greenl. 173. When the mortgagee had the power

to sell, and the estate was in part sold, the proceeds were treated as profits to be accounted for. *Whittick* v. *Kane,* 1 Paige, 202 ; *Holdridge* v. *Gillespie,* 2 Johns. Ch. 33.

If then, when the mortgager brings a bill to redeem, the money received for insurance must be accounted for as profits, the court would adopt the same rule of appropriation, upon the same state of facts, in making up such a judgment on the mortgage note, as on payment, would authorize a discharge of the mortgage. And so would be the rule in awarding a conditional judgment in a suit for possession for breach of the conditions of the mortgage. R. S. c. 125, § 7, 9 ; Act of 1844, c. 104, § 1.

From the sum received for insurance, should be deducted the cost of collection, and the amount paid for premium, which would leave $965,38, to be appropriated as profits received by the mortgagee. This sum should be applied to the payment of the interest due on all the notes described in the mortgage, (except the first, which has been collected,) on March 27, 1849, and the balance must be appropriated to the payment, *pro tanto,* of the principal of the unpaid note first payable. *Gould* v. *Tancred,* 2 Atk. 534.

It is proved that, when the note in suit became due, the plaintiff received $37,50, on an agreement for delay of payment, and it results, that he has received that amount, from the defendant, above the legal rate of interest.

The defendant claims, that such sum should be deducted from this demand of the plaintiff, as usurious interest. To that deduction he is entitled by statute. R. S. c. 69, § 2.

The plaintiff is entitled to judgment for the balance of his note and interest, after making the application, and deduction of payments, as herein directed, without costs.

The damages being reduced by proof, that more than legal interest has been taken by the plaintiff, on the note in suit, the defendant may recover costs. Stat. of 1846, c. 192.

In the action upon the MORTGAGE, the opinion was also announced by

Howard, J. — The demandant is entitled to a conditional judgment for possession of the premises demanded, for breach of the conditions of the mortgage. R. S. c. 125, § 7; Stat. of 1844, c. 104.

It is proved, that about the time when the notes described in the mortgage became due, the demandant received under an agreement with the mortgager, the tenant, for forbearance of payment one year, $37,50, on each thousand dollars, amounting, in the aggregate to $150, on the claim now under consideration; and that he received, at the same time, by payment of interest on his own notes to Johnson, the further sum of $180, advanced by the tenant. These sums amounting to $330, should be deducted from the amount claimed to be due, as payments made at that time. It also appears, that the demandant received, for insurance, $965,38, on the 27th of March, 1849. This sum we have held, in the preceding case, is to be accounted for as profits received by the mortgagee; and that it must be applied to the payment of the interest due on the unpaid notes described in the mortgage, on March 27, 1849, and that the balance should be appropriated to the payment, *pro tanto*, of the principal of the unpaid note first payable. Making the appropriation of these sums as directed, the amount, for which the conditional judgment must be entered, will be ascertained.

The demandant having taken more than legal interest, and the damages in the conditional judgment being thereby reduced, in the language of the statute, 1846, c. 192, he "shall recover no costs, but shall pay costs to the defendant."