ISAAC W. MITCHELL, Appellant, *v.* AUGUSTUS P. LADEW *et als.*, Respondents.

1. *Mortgage—Deed of Trust—Instalments.*—Where a deed of trust in the nature of a mortgage, securing several notes maturing at different dates, provided, that, in default of payment of said notes or either of them, or of any one of them, or the interest thereon, as they become due and payable, the trustee, might sell, &c.; upon a bill to foreclose the equity of redemption, &c., after all the notes fell due: *Held,* that the notes were to be paid and satisfied in the order in which they matured. The mere failure or neglect to pursue the remedy until all the notes become due cannot impair the rights of the parties where they have done no act which can act injuriously upon the other party.

2. *Mortgage—Deed of Trust—Debt.*—The debt being the principal thing, in a mortgage or deed of trust given to secure it, the transfer of the debt carries with it the security.

*Appeal from St. Louis Court of Common Pleas.*

*Lackland, Cline & Jamison,* for appellant.

In a case where several notes falling due at different times

are held by different persons, and are secured by a deed of trust or mortgage, the question is how are the proceeds of the property conveyed or mortgaged to be disposed of where they are not sufficient to pay all the notes. The following cases seem to decide that the proceeds must be disposed of in the payment of the notes as they fall due; that the note or notes first falling due must be paid first, and have priority over those falling due subsequently, unless there is something in the contract, or to be inferred from the dealings between the parties, showing their intention to be otherwise, to-wit: Gwathmeys v. Ragland, 1 Rand. 466; U. S. Bank v. Covert, 13 Oh. 240; Woods v. Trask, 7 Wis. 566; Stanley v. Beatty, 4 Ind. 134; Larrabee v. Lumbert, 32 Me. 97; State Bk. v. Tweedy, 8 Blackf. 447; Hinds v. Mooers, 11 Iow. 211; Grapegether v. Fesservary; 9 Iow. 163; Rankin v. Majors, 9 Iow. 297; Cullen v. Erwin, 4 Ala. 452.

The following cases decide the other way—that there is no such priority, but the proceeds must be disposed of to pay all the notes *pro rata*, unless it is otherwise agreed, &c.: Waterman v. Hunt, 2 R. I. 298; John v. Candage, 31 Me. 28; Bk. of England v. Tarlton, 23 Miss. (1 Cush.) 173; Lewis v. De Forrest, 20 Conn. 427; Donley et al. v. Hays, 17 Serg. & R. 400; Perry's App., 22 Penn. S. R. 43; Hancock's App., 34 Penn. S. R. 155; Cooper v. Ulman, Mich. Walk. Ch. 251; Pugh v. Holt, 27 Miss. (5 Cush.) 461; Righter v. State, 3 Sandf. Ch. 608; Carpenter v. Carpenter, 1 Vern. Ch. 440; Braithwait v. Braithwait, 1 Vern. Ch. 334; Bois v. Marsh (folio ed.) 2 Ch. (3 vols. in 1) s. p. 155; Blower v. Merritt, 2 Ves. 420; Clark v. Sewell, 3 Atk. 100; Brown v. Allen, 1 Vern. Ch. 31; Eure v. Eure, case 15, 1 Eq. Cs. 115.

The English cases above referred to will be found cited by the court in the case of Donley et al. v. Hays, 17 Serg. & R. 400; the fact, however, is that no English case has been found by us bearing directly on the point.

The above cited English cases were decisions construing wills, marriage settlements, &c., where preference was claimed by a portion of the beneficiaries. Thus when a tes-

tator died leaving a will by which he devised legacies as follows: 1st, to his son John, £100 ; 2d, to his son George, £100, and so on, and there was not sufficient property left by the testator to pay all the legacies; in such cases, the English courts universally have decided that the legacies must be paid *pro rata;* that the first legatee has no right to. have the whole of his legacy paid and satisfied to the exclusion of the other legatees: which seems to assert a principle of justice and equity applicable to the point upon which the American cases bear.

*Whittelsey,* for respondents.

The main question in this case is, by what rule shall the proceeds of sale of property conveyed by mortgage or deed of trust, given to secure payment of notes maturing at different dates, be applied in payment? The respondents claim, there being no particular equities to modify the general rule, that,

I. Where a mortgage or deed of trust is given to secure notes maturing at different dates, that the notes are to be paid from the proceeds of sale in the order of their maturity : the note first due should be first paid—*qui prior est in tempore potior est in jure.* This rule seems most reasonable, and is analogous to the case of successive conveyances of lands subject to one encumbrance. To satisfy the encumbrance, the parcel last conveyed must be first sold, and so on, in the reverse order of conveyances (Aldrich v. Cooper, 2 Wh. & Tud. L. C. Eq., Pt. I., 171) ; or rather it is like the case of successive mortgages, in which there is no contribution.

This rule is adopted in most of the States ; State Bk. v. Tweedy, 8 Blackf., Ind. 447. This is a well considered case, and has been followed by Stanley v. Beatty, 4 Ind. 434 ; Hough v. Osborne, 7 Ind. 140. In Virginia, Gwathmeys v. Ragland, 1 Rand. 466. In Alabama, McVay v. Bloodgood, 9 Port. 547 ; Bank of Mobile v. Planters' Bank, 9 Ala. 645 ; Cullum v. Erwin, 4 Ala. 452. In Ohio, Bk. of U. S. v. Court, 13 Ohio, 240. In Iowa, Grapegether v. Fesservary, 9 Iow.

163; Rankin v. Majors, 9 Iow. 297; Hinds v. Mooers, 11 Io. 211; Larrabee v. Lumbert, 32 Me. 97. In New Hampshire, Hunt v. Stiles, 10 N. H. 466. In Wisconsin, Wood & Trask, 7 Wis., 566; Harrison v. Roberts, 6 Flor. 171.

Some of the States, following the rule in Donley v. Hays, 17 Serg. & R. 400, apportion the proceeds of sale *pro rata* to each note secured by the same mortgage; but, in that case, Ch. J. Gibson dissented, and the Indiana court declared that his opinion was better sustained by principle and reason.

II. The transfer of the debt carried the security with it without regard to the mere possession of the deed of trust or mortgage, or any assignment thereof. (Lagrave v. Chauvin, 2 Mo. 179; Crinnion v. Nelson, 7 Mo. 466; Thayer v. Campbell, 9 Mo. 277; Anderson v. Baumgartner, 27 Mo. 80; Roe v. Dawson, 2 Wh. & Tud. L. C., Pt. 2, p. 236 & 449.)

WAGNER, Judge, delivered the opinion of the court.

The plaintiff filed his petition in the St. Louis Court of Common Pleas to foreclose a deed of trust made by A. P. Ladew to John G. Priest and George Knapp, as trustees to secure the payment of three negotiable promissory notes made by said Ladew to John J. Anderson, which were given for the purchase of property situated in St. Louis county; said notes were dated May 5, 1858, for the sum of four thousand five hundred and sixty-six dollars and sixty-six cents each, payable in one, two and three years, with interest at six per cent per annum from date. The petition alleges that Ladew paid the first note; that said Anderson endorsed the said second and third notes to John J. Anderson & Co., who endorsed them to one John C. Page, who endorsed them to plaintiff; that the second note was not paid at maturity, and that after protest and notice John J. Anderson took it up and paid plaintiff the amount due thereon, and alleges that said George Knapp claims to be the holder of said note and to have it paid in full or in part out of the trust property.

The petition then further states that the third note was duly protested, and was held by the plaintiff, and was still

unpaid, and that the property conveyed in said deed of trust would not, upon sale, pay both notes; and that George Knapp, being holder of one of the notes, could not act as trustee in making a sale, and that no provision was made for a sale by J. G. Priest alone. It then prays that the equity of redemption be foreclosed, the lands sold, and that from the proceeds of sale, after payment of costs, the note held by plaintiff be paid in full.

Ladew, the maker of the notes and deed of trust, in his answer, denies all knowledge of any endorsement of the notes to Page or plaintiff, admits that the notes payable at two and three years are still due and unpaid, alleges that the note due at two years was transferred by John J. Anderson to George Knapp & Co. before the maturity of the third note, and prays that the second note be first paid from the proceeds of sale.

The answer of George Knapp & Co. admits the payment of the note at one year, and also that Jno. J. Anderson upon protest of the second note took it up, but alleges that plaintiff had endorsed the same to one A. A. Howell, who was the legal owner thereof at maturity. They allege that said Anderson assigned to them said two years note, before the maturity of the note at three years, in payment of and as security for his indebtedness to them; and allege, also, that they were purchasers of the note for a valuable consideration and without any notice of any equities existing against it, and that they took the said note upon the faith that it was secured by deed of trust and was to be first paid upon sale under said deed; that Geo. Knapp had never accepted the trust, and had executed a disclaimer and quit-claim to said Priest. They claim priority of payment under the deed.

At the trial before the court, the court found both notes due, and decreed a foreclosure and sale; and that the money arising therefrom, after paying the expenses and costs, should be applied to the payment of the note due at two years first.

There is but a single question that arises in the determin-

Mitchell v. Ladew et als.

ation of this case, and that is, whether, when a deed of trust or mortgage is made to secure the payment of promissory notes falling due in instalments or at different dates, and the property on which the security is taken is not sold till the maturity of all the notes, and is not sufficient to pay them all, the proceeds shall be applied to the payment of the notes, first, in the order in which they become due, or to all *pro rata.*

We have not been able to find any adjudication of this question in this court; it has often been raised and passed upon in the courts of several of our sister States, and opposite conclusions have been arrived at.

The cases adhering to the doctrine that the application of the funds should be made *pro rata,* irrespective of the time when the notes become due, have all been decided on the authority of Donley v. Hays, 17 Serg. & R. 400. It was then held by the Supreme Court of Pennsylvania, that where a mortgage is given to secure a debt, which debt is evidenced by bonds payable at various periods, and the holder of the bonds assigned some of them to different persons at different times, and retained the balance himself; and the fund arising from the sale of the mortgaged premises, by execution against the mortgagor, falls short of the whole mortgage debt, the respective assignees and the mortgagee are entitled to a *pro rata* dividend of the proceeds according to the amounts of their bonds by them held. The court based its decision principally upon several old English Chancery decisions which arose out of settlement cases, and where the funds proving insufficient the chancellors had ordered contribution to be made. With all deference for that learned and intelligent tribunal, we are unable to perceive that they have really any particular bearing on the subject. Ch. J. Gibson delivered a most able dissenting opinion, and his position seems to be the best sustained by authority and reason. It is admitted by this class of cases that priority may be given in the payment of the notes first falling due, when it appears that such was the intention of the parties; but in the absence of any

such intention manifested by some act, the law will appro-priate the payments alike to all in proportion to their respect-ive amounts, without regard to the time they fall due. But the weight of authority, we think, is decidedly in favor of the rule, as it has been declared that "different debts, secured by the same mortgage, are to be paid from the mortgage fund in the order in which they fall due." (Hunt v. Stiles, 10 N. H. 466; Wilson v. Hayward, 6 Flor. 171; U. S. Bank v. Covert, 13 Oh. 240; Woods v. Trask, 7 Wis. 566; Larrabee v. Lumbert, 32 Me. 97; State Bk. v. Tweedy, 8 Blackf. 447; Hinds v. Mooers, 11 Iow. 211.)

The case of Gwathmeys v. Ragland, 1 Rand. 466, which was decided by the Virginia Court of Appeals in 1823, is precisely in point, and may be regarded as a leading case on the subject. There a deed of trust was executed by William and Francis Sutton to trustees, to secure the payment of three notes to a certain Anderson Barret. The first note was paid; the second was transferred by endorsement to Nathaniel Rag-land without any assignment to him of the deed of trust; the third note was endorsed to Robert and Temple Gwathmey, who took an assignment of the deed of trust for their secu-rity. The trustees having advertised the land for sale to sat-isfy Ragland's claim, the Gwathmeys filed a bill in the supe-rior Court of Chancery of Richmond, against Ragland and the trustees, to enjoin them from selling the trust property to satisfy Ragland's claim; alleging that, as they had taken an assignment of the deed of trust and he had not, they were entitled to a preference over him, in satisfaction of their claim, out of the trust property. The injunction was granted. Ragland answered that he was induced to take an assignment of the note in question by the equitable right which he ac-quired thereby to the deed of trust, without which he would not have taken said note. On motion of Ragland, the injunc-tion was dissolved. The Court of Appeals affirmed the judg-ment dissolving the injunction, and held that the deed of trust from the Suttons was intended by the parties to it as

additional security for the payment of the notes to Barret, or his assigns, in the order in which they fell due.

The debt being the principal thing, a mortgage or deed of trust to secure it is merely an accessory or incident, and the transfer of the debt carries with it the equitable right to the trust property. *Omne principale trahit ad se accessorium.* And where there are several notes so secured, and they are assigned to different persons, each assignee takes an equitable interest in the property *pro tanto*. This right may be defeated by intervening equities, as by the negligence of the assignee, or where, by his improper conduct or misrepresentations, innocent purchasers have been induced to acquire interests in the trust property. (Anderson v. Baumgartner, 27 Mo. 80.)

The question now is, how is the trust fund to be applied in payment of notes falling due at different times ? From the authorities, this is entirely open for our consideration and decision. Under our law of mortgages, where a mortgage creditor has several notes against the mortgagee, he may proceed to foreclose and sell the mortgaged premises when the first note becomes due, and the sale will convey a good title though it only pays the first note. (Buford v. Smith, 7 Mo. 489.)

The deed of trust, in this case, provides that in default of payment of said notes or either of them, or any part of either of them, or the interest thereon, as they respectively become due and payable, the trustees shall proceed to sell, &c. The most reasonable interpretation of the contract is, that the notes were to be paid off and satisfied in the order in which they fell due. It is indisputable that when the first note became due, if it had not been paid, the trustees might have sold the property and applied all the proceeds to satisfy it, had there not been more than sufficient arising out of the sale for that purpose ; so, when the second note became due and payable, a like sale might have been had, and the money arising therefrom been wholly absorbed in its application to the payment of the said note before the third fell due. The

mere failure or neglect to pursue the remedy till all the notes are due cannot impair or alter the rights of the parties here, where they have done no act that can operate injuriously to the other party.

Notes of this description, secured by mortgages and deeds of trust, enter largely into the business transactions of the country, and parties taking and receiving them do so invariably with the understanding that they will be paid in the order in which they become due. With those who are postponed, it is simply a matter where they have resorted to security, and the security was proven to be insufficient. Had all the notes been due and payable upon default made in the payment of the first, as is frequently provided in the making of these contracts, the case might be materially changed.

Judgment affirmed. Judge Holmes concurs; Judge Lovelace absent.