WALTER FREEMAN, Respondent, v. JOSEPH P. ELLIOTT *et al.*, Appellants.

Kansas City Court of Appeals, December 7, 1891, and February 8, 1892.

Marshalling Assets : NOTES MATURING AT DIFFERENT DATES : DIFFERENT HOLDERS : INTENTION. Although notes secured by a deed of trust and maturing at different dates were originally made to different holders who are made beneficiaries in the deed, such fact

does not change the rule that the notes must be paid from the proceeds of the mortgage property in the order of their maturity, even though the deed of trust provide that the whole of the two notes and interest should become due on the non-payment of the notes or any part of the interest on either of them. The question is one of intention as such intention may be disclosed by the deed of trust.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Samuel Boyd* and *Scott & Cooney;* for appellants.

( 1 ) This is a case where a deed of trust is made to secure two different notes, executed by the same party to separate and distinct persons, who are each named in the deed of trust as beneficiaries. Under such a deed of trust each beneficiary is entitled to a *pro rata* share of the proceeds arising from the sale of such property where the proceeds are insufficient to pay both in full. 2 Washburn on Real Prop. [ 5 Ed.] sec. 35, top p. 148 ; Jones on Mort., sec. 135 ; Jones on Chat. Mort., sec. 84 ; *Brown v. Bates*, 92 Am. Dec. 614 ; *Shepard v. Richards*, 61 Am. Dec. 473 ; *Willis v. Caldwell*, 10 B. Mon. 199 ; *Adams v. Robertson*, 37 Ill. 45. A collection of these cases will be found in the fourteenth volume of American State Reports, page 23, cited in the cases of *Penzel v. Brookmeyer*, 51 Ark. 105 ; *Mitchell v. Ladue*, and *Mason v. Barnard*, 36 Mo. *Thompson v. Field*, 38 Mo.; *Hurck v. Erskine*, 45 Mo.; *Noel v. Gains*, 68 Mo.; 1 Washburn Real Prop. [ 2 Ed.] p. 523, sec. 27, side p. 498 ; p. 575, sec. 35, side p. 535 ; p. 431, sec. 3, side p. 416 ; *Burnett v. Pratt*, 22 Pick. 556 ; *Brown v. Bates*, 55 Me. 520 ; *Donnells v. Edwards*, 2 Pick. 617 ; Tiedeman on Real Prop., sec. 239 ; *Thayer v. Campbell*, 9 Mo. 277 ; R. S. 1889, sec. 8844.

*Leslie Orear* and *Draffen & Williams*, for respondent.

(1) The plaintiff's note was the first to become due, and was entitled to priority. It is settled law in this state, that when a deed of trust is executed to secure the payment of two or more notes, maturing at different times, the proceeds, arising from a sale under the deed of trust, in the absence of any legal agreement to the contrary, should be applied to the payment of the notes in the order in which they fall due. *Mitchell v. Ladue*, 36 Mo. 526 ; *Mason v. Barnard*, 36 Mo. 384 ; *Thompson v. Field*, 38 Mo. 320 ; *Hurck v. Erskine*, 45 Mo. 484 ; *Isett & Brewster v. Lucas*, 17 Iowa, 503. (2) The rule that notes secured by deeds of trust should be paid out of the proceeds of sale, in the order in which they become due, is not altered by the fact that such notes are payable to different parties. The decisions make no such distinction. The right to foreclose for default in the payment of the first note, without waiting for the other notes to mature, is the basis for this rule of priority. This right exists as well where the notes have different payees, as where they are payable to the same person. 2 Jones, Mort., sec. 1699 ; *Mitchell v. Ladue, supra ; Pierce v. Shaw*, 51 Wis. 316 ; *Isett v. Lucas, supra ; Bank v. Bank*, 9 Iowa, 47 ; 2 Jones, Mort., sec. 1705.

ELLISON, J.—The question for determination in this case is the proper disposition of the money arising from the sale of land by defendant Elliott, as trustee, under deed of trust executed by James P. Summers to E. T. Orear, trustee. Orear declined to serve, and the sale was made by defendant Elliott, the sheriff of Saline county, under the provisions of the deed. The case was tried by the court, upon an agreed statement of facts. The deed of trust was executed by Summers, to secure two negotiable promissory notes of even date,

made by him.; one was for the sum of $1,400, payable to John W. Robertson and Daniel H. Robertson, and was to become due November 8, 1890. The other was for $1,100, payable to Jas. E. McCabe, and became due May 8, 1890. The note for $1,400 was purchased by defendant Van Stone, for value, and before maturity, and he is now the owner thereof. The plaintiff purchased the $1,100 note for value and before maturity. After the maturity of plaintiff's note, and before the one held by the defendant became due, at the request of plaintiff, the real estate was sold by the defendant Elliott.

The deed of trust contained this provision: "But if default be made in the payment of said notes or the interest thereon, or any part thereof, or the interest on either of them, when the same becomes due and payable, then the whole of the two notes and accrued interest may be declared due and payable."

The property sold for enough to pay plaintiff's note, but was not sufficient to pay both. The question submitted under the agreed statement of facts was whether the plaintiff's note, being the first to mature, was entitled to priority, or whether the two notes should share *pro rata* in the fund realized from the sale. The circuit court held that the plaintiff's note should be first paid, and entered judgment for plaintiff accordingly. The defendants have brought the case to this court.

Where a deed of trust or mortgage is given to one person to secure several notes due him, and with power of sale upon maturity of either note, the notes must be paid from the proceeds of the mortgaged property in the order of their maturity. *Mitchell v. Ladue*, 36 Mo. 526; *Thompson v. Field*, 38 Mo. 320; *Houck v. Erskine*, 45 Mo. 484. And in the latter case it is held that this rule would apply, notwithstanding the mortgage provided that all the notes should become due on the non-payment of the one first maturing.

Defendant's counsel, however, state a distinction between the cases holding this rule and the case at bar. The cases holding this rule, it is said, are where the mortgage has been given to one person to secure his several claims, maturing at different dates, some of which he has assigned. Whereas in this case the mortgage was executed to *two* persons to secure their separate claims. There is much to be said in favor of the view taken by counsel, which he presented orally. The contention is supported by the highest authority. 1 Washburn, Real Prop., side p. 416, sec. 3 ; side p. 535, sec. 35 ; 1 Jones on Mort., sec. 135 ; *Brown v. Bates,* 55 Me. 520 ; *Willis v. Caldwell,* 10 B. Mon. 199 ; *Burnett v. Pratt,* 22 Pick. 556. In the case last cited it is said : "If the debts secured are equal in amount, the mortgagees will have an equal interest in the mortgaged estate, and, in case of foreclosure, will hold it in equal proportions. But, if the debts are unequal, the proportion of the tenants will be in exact proportion to the amount of their respective debts." See also *Thayer v. Campbell,* 9 Mo. 280.

We, however, feel constrained to hold against the distinction stated by counsel. We find, on examination, that cases in at least two states which enforce the same rule that is announced by our supreme court in *Mitchell v. Ladue, supra,* are based on a state of facts like those in the case at bar, in so far as this question is concerned. *Gardner v. Dederick,* 41 Ill. 158 ; *Pierce v. Shaw,* 51 Wis. 316. In each of these cases there were two original mortgagees in one mortgage.

The question is one of intention as such intention may be disclosed by the deed of trust or mortgage. Many instances could be suggested where the nature of the transaction as shown by the deed would disclose an intention that the debts should share *pro rata* in the security without reference to the order of their maturity.

The judgment is affirmed. All concur.