JOSEPH ROWE, Appellant, v. CHARLES P. SCHERZ, Respondent.

St. Louis Court of Appeals, February 2, 1897.

**Promissory Note Secured by Deed of Trust:** CONSTRUCTION OF DEED. The object of a clause in a deed of trust, maturing the entire debt in case of default in the payment of any one of the notes or interest thereon secured by it, as held by the supreme court, is to enable the trustee to make immediate application of the entire proceeds to the discharge of the whole debt, which, otherwise, he might not be able to do where the property has been sold upon default in the payment of a note first maturing. That court, by its decision, negatives the idea that the effect of such a clause is to provide for equality in the distribution of the fund, in case the proceeds of sale are insufficient to pay all the notes. *Hurck v. Erskine,* 45 Mo. 484.

*Appeal from the Hannibal Court of Common Pleas.*
HON. REUBEN F. ROY, Judge.

AFFIRMED.

*John L. Robards* for appellant.

"The question is one of intention as such inten-
tion may be disclosed by the deed of trust or mort-
gage. Many instances could be suggested where the
nature of the transaction, as shown by the deed, would
disclose an intention that the debts should share *pro
rata* in the security without reference to the order of
their maturity." *Freeman v. Elliott*, 48 Mo. App.
74–78. The method or plan of application of the
proceeds was settled, by the terms of the mortgage, in
this case, and pursued by the trustee.

The special legal agreement prevails over the rule
of priority that operates only in the absence of an
agreed plan of application of payment. *Ellis v.
Lamine*, 42 Mo. 153–155; *Hurck v. Erskine*, 45 *Id.*
484–487.

*R. E. Anderson* for respondent.

The rule is that notes secured by mortgage should
be paid in the order in which they mature, notwith-
standing all are due when the sale is made. *Mitchell v.
Ladew*, 36 Mo. 526; *Thompson v. Field*, 38 *Id.* 325;
*Hurck et al. v. Erskine*, 45 *Id.* 484; *In re Ferguson's
Estate*, 124 *Id.* 574.

APPELLANT'S REPLY.

The deed of trust and notes are regarded as one
instrument. The covenant of the deed controls the
manner of application, and the land was sold for all

the notes. *Meir v. Meir*, 105 Mo. 411; *Waples v. Jones*, 62 *Id.* 440-443.

BIGGS, J.—This is an action on a promissory note. The answer admits its execution and pleads payment. There was a further defense which need not be set forth since it was decided against the defendant, as appears from the written findings of the court.

The evidence bearing on the plea of payment is as follows: In 1891, the plaintiff sold to the defendant a farm in Ralls county for $12,000. The defendant paid $500 cash, and for the balance he executed his eleven promissory notes maturing biannually in succession from two to twenty-two years. The first ten were for $1,000 each, and the last one for $1,500. These notes were secured by a deed of trust on the farm. The deed of trust provided that if any of said notes or the interest thereon were not paid according to their tenor or effect," then all of the notes shall become due and payable, and the land be subject to sale for the payment of the entire debt," etc. It contained the further provision that in case of sale "the trustee shall, out of the proceeds of said sale, pay first the cost and expenses of executing this trust, including legal compensation to the trustee for his services; and next he shall apply the proceeds remaining over to the payment of said debt and interest, or so much thereof as remains unpaid," etc. The defendant paid the first note when it matured. He defaulted on the second, and he also failed to pay the interest on the others. The land was advertised for sale by the trustee and was sold by him on the twenty-fifth day of February, 1896. The plaintiff purchased the land at that sale at the price of $10,500. The amount of the bid, after deducting expenses, was insufficient to pay all the debt. The trustee (without consulting any

one) applied the amount of the bid, less the expenses of sale, *pro rata* on all the notes. This left a balance of over $100 on the note in suit, which was the second note of the series. The contention of the defendant at the trial was and is now, that the proceeds of the sale should have been applied to the payment of the notes in the order in which they matured. The circuit court adopted this view and entered a judgment for the defendant. On this appeal the plaintiff claims that the action of the trustee was right and that under the undisputed facts the judgment ought to have been for him.

The question for decision depends upon the proper construction of the above quoted provisions of the deed of trust. The argument against the judgment of the circuit court is that by the agreement maturing the entire debt in case default should be made as to any one of the notes, the parties intended that in case of sale under the deed of trust there should be no priority or preference in the payment of the notes. In the case of *Mitchell v. Ladew*, 36 Mo. 526, it was intimated in the concluding paragraph of the opinion that such a construction might obtain where the mortgage or deed of trust contained similar provisions to those found in the conveyance under consideration. The subsequent case of *Hurck v. Erskine*, 45 Mo. 484, presented such a state of facts and the supreme court declined to follow the intimation made in the *Mitchell* case. It was held that the object of the stipulation, maturing the entire debt, was to enable the trustee to make immediate application of the entire proceeds to the discharge of the whole debt which otherwise he might not be able to do where the property had been sold upon default in the payment of a note first maturing. The court in its opinion distinctly negatived the idea

PROMISSORY note secured by deed of trust: construction of deed.

that the effect of such a stipulation was to provide for equality in the distribution of the fund, in the event that the proceeds of the sale were insufficient to pay all the notes.   This is the last decision of the supreme court, and we must follow it regardless of our individual opinions.

It follows that the judgment of the circuit court must be affirmed.   All the judges concur.