JAMES N. BURNES, JR., Respondent, v. ELIZABETH
BALLINGER et al., Appellants.

Kansas City Court of Appeals, May 30, 1898.

Special Tax Bills: LIMITATION: OPTION: STATUTE CONSTRUED. Under
section 1405, Revised Statutes 1889, upon default in the payment of
interest on any one of a series of tax bills issued against a piece of
property, only the bill or bills defaulted and no others become due
by reason of the default, and the statute of limitation begins to run
against such bill and it is not optional with the holder of the bill
whether he considers it to be due on the default of interest, but the
statute is mandatory and makes it due.

*Appeal from the Buchanan Circuit Court.*—HON. A. M.
WOODSON, Judge.

REVERSED.

JOHNSON, RUSK & STRINGFELLOW and VINTON PIKE
for appellants.

These bills matured February 1, 1893, at latest
July 1, 1893, the interest paying day, and as the suit
was not brought till December 5, 1896, and more than
two years had elapsed after maturity of the bills, no
action can be maintained on them. R. S. 1889, secs.
1405 and 1407; Forrey v. Holmes, 65 Mo. App. 114;
Smith v. Barrett, 41 Mo. App. 460; Jaicks v. Sulli-
van, 128 Mo. 177; Noell v. Gaines, 68 Mo. 649; Owings
v. McKenzie, 133 Mo. 323, 334–335; Mapes v. Burns,
72 Mo. App. 411; Plow Co. v. Webb, 141 U. S. 616;
Machine Works v. Reigor, 64 Tex. 89; Stanclit v.
Morton, 11 Kan. 218; State v. Angert, 127 Mo. 462;
Muzzy v. Knight, 8 Kan. 456; Bank v. Peck, 8 Kan.

660; Schooley v. Romani, 31 Md. 580; Robinson v. Loomis, 51 Pa. St. 78; James v. Thomas, 27 Eng. Com. L. 27; Kennion v. Kelsey, 10 Iowa, 443; Farris v. Farris, 28 Barb. 29; Trust Co. v. R'y, 83 Fed. Rep. 870; Voorhis v. Murphy, 26 N. J. Eq. 434; Reahen v. Prindle, 44 Barb. 333; Powell v. Redfield, 4 Blatchf. 45; Brown v. Vandergrict, 80 Pa. St. 142; Peachy v. Somerset, 1 Strange, 447 (2 Ld. Eq. Cor. 782.)

CROW & EASTIN for respondent.

The bills were dated December 7, 1892. The first of those sued on became due December 7, 1894. Suit was brought December 5, 1896—hence within proper time. R. S., secs. 1405, 1407; Owings v. McKenzie, 133 Mo. 323; overruling Noel v. Gaines, 68 Mo. 649; Noel v. Gaines, 68 Mo. 649, dissenting opinion of Judge Hough; Morgan v. Martien, 32 Mo. 438; Mason v. Barnard, 36 Mo. 384; Hurk v. Erskine, 45 Mo. 484; Whelan v. Reilley, 61 Mo. 565, 578; Philips v. Bailey, 82 Mo. 639; Thornton v. Bank, 71 Mo. 221; Wolz v. Parker, 134 Mo. 458; State ex rel. v. Ross, 136 Mo. 259; Richardson v. Warner, 28 Fed. Rep. 343; Bank v. Gas Light Co., 14 Fed. Rep. 763; Lowenstein v. Phelan, 17 Neb. 429; Fletcher v. Daugherty, 13 Neb. 224; Plow Co. v. Webb, 141 U. S. 616; Mason v. Luce, 48 Pac. Rep. 72; 116 Cal. 232; Richards v. Daley, 48 Pac. Rep. 220; 116 Cal. 336; Wood on Limitation of Actions [1 Ed.], sec. 126, p. 296.

ELLISON, J.—This action is on four special tax bills issued on what is known as the instalment plan as authorized by section 1405, Revised Statutes 1889. They were issued to a contractor for work done in paving a street in St. Joseph, a city of the second class. The contractor assigned them to plaintiff, who had

judgment below and defendant appeals. The question for decision relates to the statute of limitation which prescribes a two year period. The bills were issued December 7, 1892. The first default in payment of interest on those in suit is conceded to be July 1, 1893. This action was brought December 5, 1896.

STATEMENT.

The statute, section 1405, authorizes the property owner within ten days after the contract for paving is let to notify the city engineer that he desires to pay in five equal instalments. That in such case, on the completion of the work, the engineer shall issue to the contractor five separate bills, each for one fifth the total amount due for the work and each drawing a specified rate of interest. The tax bills in suit were issued under this provision and each bill recited that it was for one fifth the work and that it was one of five bills issued under the statute aforesaid, the terms of which statute are as follows:

"Provided, the owner of any lot or parcel of ground fronting on such street shall, within ten days after the letting of the contract for such work, notify the city engineer, in writing that he desires to pay for such work in five annual payments, then the city engineer shall make out five separate special tax bills, each for one fifth part of the cost of such work, bearing interest as aforesaid, which rate shall be fixed in each case by ordinance—each payment to bear not to exceed ten per cent interest from date of issue to date of payment, which rate shall be fixed by ordinance—said interest payable semiannually on the first days of February and July of each year at the office of the city treasurer; and if default is made in the payment of interest due on either of said days, then the principal and interest due on such special tax bills shall become then and there due and payable and may be collected as provided in section 1407."

The question of limitation depends on when the bills matured. Plaintiff claims that they matured as stated on their face and that the period of limitation began to run on each, separately from the date each matured as disclosed by the face thereof. And that the provision of the statute declaring all to be due on default in payment of interest on any was a forfeiture in favor of the holder of the bill, to be enforced by him at his option. If this contention is correct, the action was brought in time. But defendant contends that under the terms of the statute just quoted, the whole series would fall due upon a failure to pay interest on any one when it became due and payable. If this is the correct view the action is barred, since more than two years has elapsed since the default in interest. So, too, the action would be barred if a default in interest only matured the bill on which default was made, since in this case, default was made on all the bills more than two years before the action was begun.

There is a familiar rule that where instruments are executed at the same time in the course of the same transaction, they are regarded, in the eye of the law, as one instrument and will be read and construed together. This rule finds its principal application to matters of contract. And it has been held that a mortgage and the note it secures will be read and construed together, so that if the mortgage provided that on default in payment of one of a series of notes, falling due on their face at different dates, all of them should be due and payable, the whole series would become due in whosesoever hands they might be. Noel v. Gaines, 68 Mo. 649. This was denied in so far as it related to negotiable paper in Owings v. McKenzie, 133 Mo. 323.

It is not clear that this rule has direct application to this case. But rather that other rule which declares

SPECIAL tax bills: limitation: option: statute construed.

that when the law authorizes a contract and provides for the mode of its execution, such law will be considered as entering into and forming a part of the contract. Much of the same reason supports the application and effect of each rule. All parties to such contract, whether original or becoming such by assignment, will be presumed to have acted in view of the provisions of the law. All persons taking the bills will be chargeable with the provisions of the law just as if such provisions had been embodied in the bills themselves.

What then is the true meaning of the statute in declaring that "interest must be paid on the first days of February and July of each year, and if default is made in the payment of interest due on either of said days, then the principal and interest due on such special tax bills shall become then and there due and payable," etc.

In our opinion the statute means that if there is a default in the payment of interest, then only the bill or bills defaulted will become due by reason of the default. The context of the statute shows that the expression, "such special tax bills" should be interpreted as though it read "such special tax bills *as may have been defaulted* shall become then and there due and payable." It will be noticed that a default in the payment of the *principal* sum in any bill is not provided for. So that if the property owner on the day the first instalment became due should pay the interest on all the instalments but default as to the principal of the first, the remaining instalments clearly would not be affected.

But, if defendants' position is correct, it follows as a necessary result from such position, that notwithstanding he should pay the principal of the first instalment and the interest on the remainder, the remainder would nevertheless immediately become due by reason

of the nonpayment of interest on the first.  Thus a holder of any of the later instalments might be in regular receipt of his semi-annual interest and yet the statute of limitations be running against his bill by reason of its having matured on account of a default of interest on the first instalment in the hands of some other party.  As before stated, the statute means that only such bills as are defaulted in interest mature earlier than the time specified on their face.  The law interposes and declares that where the property owner defaults in interest the principal on which the interest was defaulted shall become due.

Nor is it optional with the holder of the bill whether he will consider it to be due on default of interest, in so far as it would affect defendant's rights. The words of the statute are that the bills "shall" become due.  In speaking of a kindred question, concerning contracts expressed in mortgages providing an entire series of notes should become due and failure to pay either when payable, Judge Brewer, in Bank v. Peck, 8 Kan. 660, said:

"This clause is inserted in mortgages usually for the benefit of the mortgagee; but being a valid stipulation the mortgagor has equal right to insist upon it, and receive whatever advantage he can from its enforcement.  When the payor at the expiration of six months failed to pay the note then due, by the terms of the contract all three notes became due.  The statute of limitations began to run on all, and a subsequent purchaser purchased after maturity.  The defendants therefore have a right to interpose any defense in this suit that they could if the original parties to the contract were the sole parties to the suit.  7 Wis. 446; 7 Paige, 180; 27 Eng. Com. Law, 27; 19 Wend. 103."

In Hemp v. Garland, 3 G. & Dav. 402, the statute of limitations was considered in reference to a

provision which declared the whole of a debt of several instalments should be due on nonpayment of the first instalment.   There was a default as to the first instalment and when the action was brought the period of limitation had run on the first, but had not expired on the last instalments and the plaintiff contended that he should be permitted to recover for those on which the limitation had not run according to their face. But the court held that the defendant had the right to consider the action as having accrued to the plaintiff on all the instalments at the time of the default on the first, and allowed defendant's plea of the statute against the whole debt.

In Harrison v. Reigor, 64 Tex. 89, two notes were executed each containing an agreement that a failure to pay that note when due should render both due. The statute of limitations of four years was pleaded. The court said:   "This suit was commenced upon these two notes more than four years after the maturity of the one first falling due, and the statute of limitations having been pleaded, the question is:   Was suit upon the last barred?  That the effect of the agreement was to authorize suit or give a right of action upon the last note at the same time that it could be commenced upon the first can not be doubted.   By the express terms of our statute of limitations it commences to run from the time when the cause of action accrues.   It is immaterial from what cause a note becomes due so far as the right of the holder to enforce it by suit is concerned.   It would seem to follow as a necessary corollary that the maker can, in the one case as in the other, avail himself of any failure to sue within the period of limitation.   The purpose of statutes of limitation is 'to compel the settlement of claims within a reasonable period after their origin, and while the evidence upon which their enforcement or resistance rests

is yet fresh in the minds of the parties or their witnesses.' Wood on Lim., sec. 5. If the holder of a note may, at his option, treat the claim as due at a later date than the maker has agreed that it shall mature, and thus prescribe a different date at which it shall be barred, the evidence for its enforcement may be preserved, whilst that for its resistance may be destroyed, and thus the purpose of the statute be wholly defeated."

So, in Angell on Limitations, section 111, it is said: "Where a sum is payable by instalments and there is a stipulation that, upon default in one all shall become due, the statute runs as to the whole demand from the time of default made."

The statute gives no countenance to the idea that the holder may declare the bills due at his option. The words are that the bills "shall become then and there due and payable." This mandatory provision has the effect also to relieve an instalment tax bill case from the application of those decisions of the supreme court, State ex rel. v. Ross, 136 Mo. 273, which hold that a tender of the interest before sale under a deed of trust providing the debt should become due on default of interest, had the effect of relieving against such provision.

We therefore conclude the position taken here by the plaintiff that the provision of the statute declaring the bills to be due when there is a default of interest, is a forfeiture provision in favor of the holder of the bill which he may or may not enforce at his pleasure, is unsound in its application to the legal rights of the owner of the property. It follows that since there was a default in payment of interest on all the bills in controversy more than two years before the suit was brought, they all were due more than two years and the action is barred.

Each party has suggested inconveniences which will arise by the rejection of the interpretation of the statute urged by him. We can not go into such matter here since it is not involved in the case. Whether the rule as stated in Mitchell v. Ladue, 36 Mo. 526, and Freeman v. Elliott, 48 Mo. App. 74, wherein it is held that the note first falling due on its face, in a series of notes secured by mortgage which provided that in default of one, all should become due, should be first paid, would apply to a series of tax bills like these in suit is a question not presented or in any way considered. So the same may be said as to who should be made parties to an action on one of the bills when the others are held by other parties.

The judgment will be reversed. All concur.