MILTON S. MATHEWS, Appellant, *v.* WILLIAM F. SWITZLER, Respondent.

1. *Bills and notes maturing at different times — Deed of trust to secure, may be applied to notes last falling due, when surety.* — The holder of different notes secured by deed of trust may apply the entire proceeds of sale under the deed to the payment of those last maturing, and will not be prevented thereby, either in law or equity, from obtaining judgment against a surety on the note first falling due.

*Appeal from First District Court.*

*O. Guitar*, for appellant.

I. The note sued on is not entitled to be paid first out of the proceeds of the sale of the trust property, to the entire exclusion of the other two.

II. Defendant does not stand in the same relation to the deed of trust as the plaintiff.   The deed was made to secure the plaintiff, and not to secure the defendant.   True, an indorser has the right to avail himself of the benefit of all the securities held by the creditor for the payment of the debt, but not until he pays the debt.   Plaintiff could have sued the defendant on the note before resorting to the deed of trust, and defendant could not have prevented his recovery.   Plaintiff has the right to avail him-

self of the benefit of all his securities until his entire debt is paid. (Crump *et al.* v. McMurtry, 8 Mo. 408; Kyner v. Kyner, 6 Watts, 221; Union Bank v. Edwards, 1 Gill & Johns. 346; 5 Sneed, 86.)

*Prewitt*, for respondent.

I. The mortgage was made by the principal debtor for the purpose of paying first the note on which Switzler was surety. (Mitchell v. Ladew, 36 Mo. 526; Thompson v. Field, 38 Mo. 320.) The deed is conditioned that if the notes are promptly paid as they respectively mature, it shall be void; but if not paid as they mature, "the trustee shall sell and pay first the expenses of the trust, and next whatever may be due and unpaid on said notes." The trustee could have sold as soon as the first note was due, and must, of course, have paid that note first.

II. The principal debtor having made the mortgage to secure first the debt for which respondent was surety, the plaintiff can not misapply the proceeds of the sale to his injury. If plaintiff had sued Switzler without resorting to the mortgage, he would, on paying the debt, have had the right to be subrogated, and to have his money reimbursed to him first out of the mortgaged property. (2 Am. Lead. Cas. 345–50; 1 Lead. Cas. in Eq. 137, 144, 150; 3 Lead. Cas. in Eq. 541, 552.)

CURRIER, Judge, delivered the opinion of the court.

The plaintiff held three notes against a third party, maturing at successive periods, which were secured by a deed of trust upon real estate. After the notes had all matured, a sale was had under the deed, and the entire net proceeds of the property sold were applied upon the notes last maturing, nothing being applied upon the first. The defendant was surety upon the last mentioned note, and this suit is brought to recover from him the sum due upon it.

The defendant's answer alleges, in substance, that the note sued on has been satisfied and paid from the proceeds of the deed of trust sale. The ground assumed is that the law will apply the proceeds realized from a mortgage or deed of trust to the extin-

guishment of the note or debt secured thereby which first matures, and in the order of their maturity. Mitchell v. Ladew, 36 Mo. 526, and the case following that decision, are cited and relied upon as establishing the doctrine contended for. The authorities cited do not necessarily determine the question presented for decision in the case at bar. Mitchell v. Ladew was a suit between contending creditors or parties holding different notes secured by the same deed of trust — not between the original creditor on the one hand and the debtors on the other. It was there held that, as between the creditors or holders of the different notes, the proceeds of the deed of trust should be applied to the payment of the notes in the order of their maturity. But that is not this case. The substantial question here is : shall the original creditor, who holds all the notes, have the full benefit of all the securities which he took for his own protection ? He was not satisfied with the security of the deed of trust, and therefore required an additional name upon one of the notes. He testified, and without objection, that he intended the additional name as a security additional to that of the deed of trust, and the transaction upon its face suggests as much. In the meantime he has surrendered no security, and done nothing to prejudice the right of the surety upon the note. And since his debt is not paid, he now calls upon the surety to make good the unpaid balance to the extent of the sum called for upon the face of the note sued on. The principle declared in Mitchell v. Ladew we do not consider as in the way of a recovery.

It is urged, however, that if the defendant had paid the surety note prior to the deed of trust sale, he would have had the right to be subrogated, and to have his money reimbursed to him first out of the mortgaged property. The idea seems to be that, in the condition of things supposed, the defendant would have occupied the position of an independent holder of the note first maturing. The doctrine of subrogation or substitution has no application to the case. The creditor has not been paid, and, until he is either paid or secured, the surety has no right to be substituted in his place. The right of substitution is founded upon considerations of an equitable character, and does not of

necessity rest upon the relations or privities of the contracting parties. (Kyner v. Kyner, 6 Watts, 221; Union Bank v. Edwards, Gill & Johns., Md., 346; and see Crump v. McMurtry, 8 Mo. 408.)

On the trial of the case in the Circuit Court, the law was declared to be that the plaintiff could recover nothing upon the note in suit, if it appeared from the evidence that the plaintiff had received from the net proceeds of the deed of trust a sum sufficient to pay it, principal and interest. We do not regard that as a correct statement of the law of the case. It was clearly the right of the plaintiff to have sued upon the note at once upon its maturity, and to have collected the whole of it from the defendant. Had he done so the defendant would have had no legal grounds of complaint. It would have been the mere assertion of the plaintiff's legal rights. He has forfeited no rights, legal or equitable, by pursuing a course more forbearing and indulgent.

The judgment will be reversed and the cause remanded. The other judges concur.