HENRY AMES, Appellant, v. WILLIAM L. HUSE *et al.*, Respondents.

St. Louis Court of Appeals, December 5, 1893.

**Subrogation:** PARTIAL [PAYMENT BY SURETY. So long as a debt has not been entirely paid, the partial payment of it by a surety will not entitle him, by way of subrogation, to any of the collaterals in the hands of the creditor by which it is secured.

*Appeal from the St. Louis City Circuit Court*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Hiram J. Grover* for appellant.

Where at the time of the assignment a debt of the assignor is secured by collaterals, and is subsequently partly paid to the creditor by moneys realized from the collateral before a dividend on the debtor's estate is made, such creditor is not entitled to a dividend on the full amount of his indebtedness, but only on that portion which remains after deducting the moneys received from the collaterals. *National Bank v. Lanahan*, 66 Md. 461; *Armory v. Francis*, 16 Mass. 308; *Bank v. Railroad*, 124 Mass. 518; *Hamor v. Railroad*, 133 Mass. 315, 316; *Bristol Bank v. Woodward*, 137 Mass. 412; *Franklin National Bank v. First National Bank*, 138 Mass. 515; *Wurtz v. Hart*, 13 Iowa, 515; *Moore v. Dunn*, 92 N. C. 63–67; *Bank v. Alexander*, 85 N. C. 352; *Midgley v. Slocomb*, 32 How. Pr. 423; *Bell v. Fleming*, 12 N. J. Eq. 13–22, 25–30; *Irons v. Manufacturing Bank*, 27 Fed. Rep. 591, 597; *Thibaudou v. Benning*, 5 Montreal L. R. Q. B. 425; *Ontario Bank v. Chapin*, 20 Can. S. C. 152; Burrill on Assignments, sec. 440, p. 103 and note; Revised Statutes, 1889, sec. 190.

*Lionberger & Shepley, Walter B. Douglas* and *Wm. H. Scudder* for respondents.

A surety is not entitled to subrogation until the claim upon which he is surety has been paid in full. *Matthews v. Switzler*, 46 Mo. 301; Sheldon on Subrogation [2 Ed.], secs. 70, 127; *Kyner v. Kyner*, 6 Watts, 221; *Bank v. Benedict*, 15 Conn. 437; *Barnett v. Blodgett*, 39 N. H. 152; *McNee v. Legget*, 48 Miss. 139; *Corithers v. Stuart*, 78 Ind. 424, 433.

BIGGS, J.—The plaintiff has appealed from a final judgment on a demurrer to his petition. In the opinion of the circuit court, it failed to state a cause of action. As no point is made on the form of the petition, it is unnecessary to set it out in full. A brief statement of the facts upon which the supposed right of action is based will suffice.

In 1884 the Lindell Hotel Association executed several notes, amounting to about $20,000. Plaintiff and Charles Scudder were accommodation indorsers thereon. The notes were transferred for value before maturity to the defendant bank, and were by it presented for payment at maturity, and were protested for nonpayment, of which the plaintiff, as indorser, was duly notified. In the meantime the hotel association had made a general assignment for the benefit of its creditors. The assignee allowed the notes in favor of the bank for their full value, to-wit, $21,408.70. Afterwards the bank sued the plaintiff as indorser on the notes, and recovered judgment against him for the full amount, which judgment he settled and compromised for $11,105.40, leaving a like amount of the original debt due from the hotel association and Scudder. Several years afterward, to-wit, in October, 1891, the assignee declared a dividend out of the money of

the assigned estate of twelve per cent. on the amounts of all allowed claims, and the share of the state bank, computed on the full amount allowed, was $2,578.96, which amount the plaintiff alleged the assignee was about to pay to the bank.

Upon the foregoing state of facts the plaintiff claims that, having paid fifty per cent. of the amount of the notes, he is entitled to equity to be subrogated to fifty per cent. of the dividend.

The law of subrogation or substitution has no application in this case for the reason that, at the time the dividend was declared, one-half of the original debt due to the defendant bank remained unpaid. The general rule is well understood that, when a surety pays the debt of his principal, he may for his indemnity be subrogated into the place of the creditor as to all collaterals or funds held by the creditor, and applicable to to the payment of the debt. But it is equally well established that this right does not exist until the *whole* debt is paid, upon the idea that the creditor has the right to the full benefit of all securities held by him until his debt is fully satisfied.

In the case of *Matthews v. Switzler*, 46 Mo. 301, the plaintiff held three notes against a third party, maturing at successive periods, which were secured by a deed of trust on land. After the notes had all matured a sale was had under the deed of trust, and the proceeds applied to the payment of the notes last maturing, there being nothing left to apply on the first. The defendant was surety on the note first maturing, and the suit was brought against him on that note. The defense was that he was entitled to have the proceeds of the sale applied to the payment of the note first falling due. The court held that this position was untenable, and, in deciding the case, said: "The substantial question here is, shall the original creditor, who

holds all the notes, have the full benefit of all the securities which he took for his own protection? He was not satisfied with the security of the deed of trust, and therefore required an additional name upon one of the notes. * * * In the meantime he has surrendered no security, and done nothing to prejudice the right of the surety upon the note. And since his debt is not paid, he now calls upon the surety to make good the unpaid balance," etc. It was suggested in the argument that, if Switzler, prior to the trust sale, had paid the note on which he was surety, he would then have had the right to be subrogated and to be indemnified first out of the mortgaged property, upon the idea that he would have occupied the position of an independent holder of the note, first maturing. In answer to this suggestion it was said: "The doctrine of subrogation or substitution has no application to the case. The creditor has not been paid, and, until he is either paid or secured, the surety has no right to be substituted in his place."

In the case of *Allison v. Sutherlin*, 50 Mo. 274, the plaintiff was subrogated to the rights of the creditor as to certain real estate belonging to his principal, and which was held as security for the debt; but it distinctly appears that the plaintiff had paid the *entire* debt.

In *Bank v. Benedict*, 15 Conn. 437, the rule is thus stated: "Though a surety who has paid the debt of his principal may be subrogated into the place of the creditor as to all the securities and funds in his hands applicable to such debt, yet, an accommodation indorser or surety is not entitled to the benefit of such securities or funds until the whole debt is paid."

In *Gannett v. Blodgett*, 39 N. H. 150, it was decided substantially that a surety cannot, either in law or equity, call for an assignment of the claim of the cred-

itor against his principal, or be clothed by operation of law on principles of equity with the rights of an assignee of such claim, unless he has paid the entire claim of the creditor; that a *pro tanto* assignment by way of substitution or subrogation is not known or allowed.

In *Magee v. Leggett*, 48 Miss. 139, it was decided that a surety who pays the judgment debt of his principal, or who pays part of it and the principal the balance, will be subrogated to all the benefits which the creditor had by means of the judgment against the principal. But the court said that the rule was otherwise, "if the surety has made only part payment and *any balance remains unpaid, because, in that case, the surety has not entirely divested the rights of the creditor.*"

We can find no authority declaring a contrary doctrine, nor can we conceive how any such could exist and be applicable to the facts stated in the petition.

The cases relied on as establishing the plaintiff's alleged right to a part of the dividend are to the effect that, where an indebtedness due from an assigned estate is secured by collaterals, and such debt is subsequently paid in part by money realized from the sale of the collaterals before a dividend is declared, the creditor is not entitled to a dividend on the full amount of his allowed demand, but only on the amount actually due at the time the dividend is declared. *Bank v. Lanahan*, 66 Md. 461; *Armory v. Francis*, 16 Mass. 308; *Wurtz v. Hart*, 13 Iowa, 515; *Moore v. Dunn*, 92 N. C. 63; *Bell v. Fleming*, 12 N. J. Eq. 13; *Irons v. Mfg. Bank*, 27 Fed. Rep. 591. The law of these cases, and also that of all the authorities cited, is only made applicable, as the opinions show, where the collaterals formerly belonged to the debtor,—upon the principle that the creditors of an assigned estate are the equita-

ble owners of the property, that such estate had been diminished to the extent of the value of the securities held by the preferred creditor, and that it would be inequitable to allow such creditor to share ratably in the remaining assets according to the face value of his allowed claim. Obviously, this rule cannot obtain where the debtor holds outside security. But, conceding everything contended for on this point, what would it argue in the plaintiff's favor? The creditors *only*, who held allowed demands, could complain of the excessive dividend in favor of the bank. The plaintiff did not have the amount paid by him allowed by the assignee, and the latter could only declare and pay dividends upon "allowed demands." (Revised Statutes, 1889, sec. 457.) Therefore, there could be no pretense for the plaintiff's alleged equities, except upon the theory that, as against the assigned estate, the bank was entitled to a dividend on the full amount of its claim, and that, as the plaintiff had previously paid one-half the debt, he was, in equity, entitled to one-half of the dividend, which we have attempted to show is not the law.

For the reasons stated we are of the opinion that the ruling of the circuit court on the demurrer was proper, and its judgment is, therefore, affirmed. All the judges concur.