72  239
d83  432

STURGEON SAVINGS BANK, Appellant, v. LIZZIE RIGGS *et al.*, Respondents.

Kansas City Court of Appeals, November 22, 1897.

**Payments:** APPLICATION OF: SURETIES AND SECURITIES. Where a deed of trust secures two notes with different personal sureties thereon and on foreclosure the proceeds of sale will pay either note but not both, the holder may apply the proceeds in such a way as to receive the benefit of both securities and that without regard to the date of the maturity of the notes. *Mitchell v. Ladew, 36 Mo. 526,* and similar cases *distinguished.*

*Appeal from the Boone Circuit Court.*—HON. JNO. A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*Wellington Gordon, Ev. M. Bass* and *W. M. Williams* for appellant.

A very different question arises in this case from that presented in the *Ferguson's Estate,* 124 Mo. 574, and similiar cases. All of those cases follow *Mitchell v. Ladew,* 36 Mo. 526. The identical point was then decided in that case favorably to plaintiff's contention by the supreme court. *Mathews v. Switzler,* 46 Mo. 301; *Hanson v. Manley,* 33 N. W. Rep. (Iowa) 357; 2 Cobbey on Chattel Mortgages, sec. 980.

*Thos. S. Carter* for respondents.

It is settled law of this state that when a deed of trust is executed to secure the payment of two or more notes maturing at different dates, the proceeds arising from the sale under the deed of trust, in the absence of any legal agreement to the contrary, must be applied

to the payment of the notes in the order in which they fall due. This rule is not changed by the fact that the notes all belong to the same person or to different parties, and this notwithstanding all the notes are due when the sale is made. *Freeman v. Elliott*, 48 Mo. App. 74, and authorities there cited by respondent; *Mitchell v. Ladew*, 36 Mo. 526; *Thompson v. Field*, 38 Mo. 325; *Hurck v. Erskine*, 45 Mo. 486; *In re Ferguson Estate*, 124 Mo. 574. The question is one of intention and such intention will be disclosed by the deed of trust. Here every clause of the deed of trust shows an intention to secure the note sued on first. *Mfg. Co. v. Woodson*, 130 Mo. 119.

ELLISON, J.—This action is to recover the balance alleged to be due on a note of $1,800 given to plaintiff by defendant Lizzie Riggs, S. P. Hudson and Fannie L. Hudson, said Lizzie's maiden name being Lizzie Hudson. The judgment in the trial court was for defendants.

The case as presented by the pleadings and as tried in the circuit court involves the application of proceeds of a sale of land under a deed of trust, and when stripped of some confusing statements as to other deeds of trust not here in question, may be stated as follows: S. P. Hudson, Fannie L. Hudson, Lizzie Riggs (defendant) and another sister each owned an undivided fourth interest in the land conveyed by the deed of trust in question. January 21, 1892, S. P. Hudson borrowed of plaintiff $1,800, and gave his note (the note in suit) for that sum with his sister Fannie and this defendant as sureties, due six months after date. Afterward, on May 4, 1893, S. P. Hudson borrowed of plaintiff $800 more, for which he gave his note with his sister Fannie as surety, due in six months. Defendant did not sign the latter note.

A few days afterward, to wit, on May 10, S. P. Hudson and Fannie executed their deed of trust on their two fourths interest in the land aforesaid, to secure both the foregoing notes. J. M. Proctor was made trustee. Afterward Proctor sold the land under the deed of trust for an amount not sufficient to pay the sum of both notes, though sufficient to pay either. He applied the money first to the payment in full of the note of $800 last falling due, and what remained he applied on the note in suit for $1,800. That being insufficient to liquidate it, this action is brought against defendant for the balance. The defense pleaded is that the money should have been applied according to the "priority of date and maturity" of the notes, which if done would have discharged the note in suit. The deed of trust contained the following clause:

"Now, if the said notes and interest be paid when they become due, and said agreement, as aforesaid, be faithfully performed as aforesaid, then this deed shall be void, and the property hereinbefore conveyed shall be released at the cost of the party of the first part; but if default be made in the payment of said notes and interest *when they become due* then this deed shall remain in full force, etc.," and the trustee may proceed to sell the lands, and receive the proceeds "out of which he (the trustee) shall pay first, the cost and expenses of this trust including compensation to the trustee for his services, and next, *said notes* hereinbefore described and all interest due thereon," etc.

When Mr. Proctor paid the money arising on the sale over to the bank and credited the note in suit with what remained after discharging the note for $800 S. P. Hudson was present, but defendant and Fannie were absent. S. P. Hudson made no objection to the application of the money.

On the foregoing facts we are of the opinion that the judgment should have been for the plaintiff. Since plaintiff's security for the note for $800 consisted of the land and Fannie Hudson; and for the note for $1,800, consisted of the land, Fannie, and this defendant in *addition*, if plaintiff is to be compelled to discharge the latter note by the sum realized from a sale of the land, which is insufficient to pay both notes, it will not receive the full benefit of *all* the security it took. It will not receive any benefit from the suretyship of defendant. The land was bound for both notes, defendant was bound for only one of them. Plaintiff, in order to receive the benefit of both securities, had the right to apply the payment made by a sale of the land in such way that it would not make naught of his remaining security.

Defendant's defense is based on the rule announced in *Mitchell v. Ladew*, 36 Mo. 526, viz., that notes secured by mortgage or deed of trust should be paid in the order of their maturity. But that rule applies where there are contending creditors, holding different notes secured by the same instrument, and "not between the original creditor on the one hand and the debtor on the other." *Mathews v. Switzler*, 46 Mo. 301. We are also cited to *Freeman v. Elliott*, 48 Mo. App. 74. That case is wholly unlike this. We there held that although the one mortgage was made to different persons as mortgagees, securing their several debts, yet the rule of payment in the order of maturity, as announced in *Mitchell v. Ladew*, would obtain.

The result of our opinion is that the judgment should be reversed and the cause remanded to the end that plaintiff have judgment entered for the balance found to be due on its note. All concur.