# J. I. CASE THRESHING MACHINE COMPANY, Appellant, v. WILLIAM V. MATTHEWS et al., Respondents.

**St. Louis Court of Appeals, March 2, 1915.**

1. **BILLS AND NOTES: Contradiction by Parol Evidence.** In an action on a promissory note, proof of a parol agreement that the proceeds of a sale under a chattel mortgage, securing the note in suit and other notes, should be first applied to the note in question was inadmissible, as tending to vary and contradict the terms of the note in suit, since, inasmuch as the note and mortgage were silent with respect to the application of the payment, the rule of law, which gives the creditor the right, under such circumstances, to apply a payment as he sees fit, entered into and became a part of the contract.

2. **PAYMENT: Application.** The creditor may apply a voluntary payment, made without designation as to its application, to whatever debt he desires, and, in the absence of such designation by either the creditor or the debtor, the law will apply the payment to the debt first maturing, unless justice and equity require a different application.

3. **CHATTEL MORTGAGES: Bills and Notes: Application of Proceeds of Sale.** Where neither a chattel mortgage securing several promissory notes nor the notes themselves provided for a method of application of the proceeds of a sale under the mortgage, and two of the notes were signed by securities, the creditor had the right to apply the proceeds of a sale under the mortgage to the payment of the notes which were not signed by sureties.

4. **CONTRACTS: Contradicting Written Instrument: Parol Evidence.** A distinct, collateral, contemporaneous parol agreement which is independent of the written contract is admissible in evidence, provided it does not tend to vary or contradict the written contract.

5. ———: **Implied Provisions: Laws.** The law enters as a silent factor into and becomes a part of every contract.

Appeal from Mississippi Circuit Court.—*Hon. Charles B. Faris,* Judge.

REVERSED AND REMANDED (*with directions*)

*Boone* and *Lee* for appellant.

(1) Primarily, where the payment is vouuntary, the debtor has the right to direct the application, and if he fails to direct, the creditor has the right to apply the payment to any debt he chooses. Littleton v. Harris, 69 Mo. App. 596; McMillan v. Grayston, 83 Mo. App. 431; 2 Story on Contracts (5 Ed.), sec. 1153. In the absence of directions by either party the law will apply payments to the least precarious. Goetz v. Rice, 26 Mo. App. 634; Price v. Merritt, 55 Mo. App. 640; Beck v. Haas, 111 Mo. 268. The right of appropriations exists strictly between the original parties; no third person has any authority to insist on an appropriation of payment in his own favor. 2 Story on Contracts (5 Ed.), page 388, sec. 1156. Where the payment is involuntary, as in foreclosure of a mortgage or sale of a collateral, creditor has the right to apply the proceeds. Mathews v. Switzler, 46 Mo. 301; Bank v. Riggs, 72 Mo. App. 242; Ames v. Huse, 55 Mo. App. 424; Fields v. Holland, 6 Cranch, 28; Hanson v. Manly, 33 N. W. 357; Bond v. Armstrong, 88 Ind. 65; Noble v. Murphy, 91 Mich. 653; Hope v. Ice Co., 20 S. E. 940; Lee v. Manly, 70 S. E. 385; Tollerton v. Roberts, 88 N. W. 966; Armstrong v. McLean, 153 N. Y. 490. (2) Parol contemporaneous evidence is inadmissible to vary the terms of a valid written instrument. I Greenleaf (15 Ed.), 372; Kilpatrick v. Wiley, 197 Mo. 193; Standard Mfg. Co. v. Hudson, 113 Mo. App. 344. (3) In this case, the court should have directed a verdict for plaintiff for the reason that plaintiff's testimony was not contradicted on any material point. 2 Thompson on trials, sec. 2262; Howard v. Hurst, 156 Mo. App. 205.

*Russell & Joslyn* for respondent.

The mortgage executed by Matthews to the appellant was given to secure the payment of the four

notes, yet, according to appellant's contention, it only secures the payment of the last two which were not signed by Bryant and Ogilvie. When a deed of trust or mortgage is given to one person to secure several notes due him, and with power of sale upon maturity of either note, the notes must be paid from the proceeds of the mortgaged property in the order of their maturity. Mitchell v. Ladew, 36 Mo. 527; Thompson v. Field, 38 Mo. 320; Hurck v. Erskine, 45 Mo. 484; Freeman v. Elliott, 48 Mo. App. 74. The above cases seem to be ones wherein the notes have come into the possession of different holders, but we so no difference in principle. The agreement as to the application of the payments was a distinct collateral contemporaneous agreement between the plaintiff and defendant, independent of and not varying the terms of the note, and parol testimony was admissible to show the agreement. Brown v. Bowen, 90 Mo. 190; Greening v. Steele, 122 Mo. 287; Roe v. Bank, 167 Mo. 427; Sigler v. Booze, 65 Mo. App. 563.

NORTONI, J.—This is a suit on a promissory note. The finding and judgment were for defendant Ogilvie, and plaintiff prosecutes the appeal.

The defense proceeds on the theory that it was competent to vary the express terms of the note by showing a parol contemporaneous agreement to the effect that the security vouchsafed in a chattel mortgage securing it should be first applied to its payment before defendant should be called upon to respond in accordance with the tenor of the note.

It appears that W. V. Matthews purchased a threshing machine, traction engine, and other equipment from plaintiff, at the agreed price of $2572.50, for which he executed four certain promissory notes of date June 15, 1906. The first note was for the sum of $700, and fell due, according to its terms, October 1, 1906. The second note, for the sum of $700—that is,

the one involved here—is of date June 15, 1906, and fell due, according to its terms, October 1, 1907, with six per cent interest thereon per annum. Defendant W. A. Ogilvie signed this note with defendant Matthews as security thereon. The third note is for $586.50, and is likewise of date June 15, 1906, falling due October 1, 1908. And the fourth note is for $586.00, and likewise dated June 15, 1906, falling due October 1, 1909. All of the notes were secured by a chattel mortgage, executed by defendant Matthews to plaintiff on the threshing machinery and engine above mentioned. Default having been made in the payment of the notes, plaintiff sold the property under the power of sale granted in the chattel mortgage, for the sum of $1200. The amount realized on this sale it applied to the payment of the last two notes above described—that is, the note of $586.50, falling due October 1, 1908 and the note of $586.00, falling due October 1, 1909. On the two notes last mentioned, no security, other than the chattel mortgage, was given, while defendant Ogilvie was surety on the $700 note here in suit and one Bryant was surety on the $700 note first mentioned. The entire amount realized at the sale under the chattel mortgage—that is, $1200—was utilized in payment of the two notes last falling due and in defraying the expenses of the sale: Thereafter plaintiff instituted the present suit against Matthews and his surety, defendant W. A. Ogilvie, the respondent, on the $700 note, dated June 15, 1906, which, as before said, fell due October 1, 1907. It is conceded that defendants Matthews and Ogilvie executed the note in suit and that it is due and unpaid.

But the defense proceeds to the effect that, at the time of the execution of the note and the chattel mortgage in part securing the same, plaintiff agreed, through its agent, with defendant Ogilvie, the surety, that in event the note was not paid and the property sold under the mortgage, the amount realized at such

sale should be applied to the payment of the first notes above described—that is, the two $700 notes, on one of which Bryant is surety and on the other, Ogilvie. Plaintiff objected and excepted to the reception of this evidence and objected and excepted, too, to the action of the court in submitting it to the jury by instructions as competent matter of defense. Notwithstanding this, the court received the evidence of a contemporaneous parol agreement, as above stated, and instructed the jury that, in event it so found the fact to be, the verdict should be for defendant. Obviously this was error, for the evidence so received tended to prove a parol agreement contemporaneously made, contradicting and varying the terms of the note in suit. Nothing whatever appears in the chattel mortgage given to secure the notes, and in which the several notes are described, or in the note in suit, concerning this matter. The instrument sued upon is a plain negotiable promissory note, by the terms of which defendants Matthews and Ogilvie agreed to pay plaintiff the sum of $700, together with six per cent interest thereon, on the first day of October, 1907, while the evidence introduced on the part of defendant tends to contradict its terms and annex a condition thereto, to the effect that respondent Ogilvie agreed to pay that amount only in event it remained due after the proceeds of the mortgage sale were first applied in payment of the first note in the series—that is, the $700 note, on which Bryant is surety—and then in payment of this one.

The rule of decision in cases of this character is, that the mortgagee, on selling the property, if no provision is otherwise stipulated in the note or the mortgage, may apply the proceeds of the sale to any one or more of the notes described in the mortgage, as he chooses. In a case of voluntary payment, no one can doubt that it is primarily the right of the debtor to

188MA28

designate the application of the payment to be made by his creditor who may hold several notes or debts against him. In event, however, that the debtor fails to so designate, the creditor may make the application he chooses. If neither the creditor nor the debtor makes any application, then the law will apply the payment, it is said, to the debt first maturing, unless justice and equity demand a different application. [See Beck v. Haas, 111 Mo. 264, 268, 20 S. W. 19.] But where a creditor holds several securities for the same debt, he is entitled to enjoy the full benefit of all without restriction, unless some contractual stipulation provides otherwise. For instance, if the creditor holds several notes, as here, against the same debtor, all of which are secured by a mortgage and on one or more of the notes a personal security is bound as well, he is entitled to the benefit of all of the securities he has taken. Therefore, if the property be sold under the mortgage, the creditor may apply the proceeds of the sale to the payment of the notes not otherwise secured and pursue the personal security for the payment of those to which he has affixed his name in assurance of their payment. Otherwise the creditor will be denied the right to the benefit of all of the security he has taken for the debt. The point has been expressly decided, as will appear by reference to the following cases: See Mathews v. Switzler, 46 Mo. 301; Sturgeon Bank v. Riggs, 72 Mo. App. 239.

No question of subrogation is involved here, for until the surety pays the debt on which he was obligated, no right of substitution may accrue in his favor. [See Ames v. Huse, 55 Mo. App. 422.] No stipulation appears in the note or mortgage as to how the proceeds of the sale should be applied, and it was proper for plaintiff, in order to obtain the benefit of the security, to apply the money arising from the sale in payment of the two notes last falling due and on which no personal security was taken. However, it is said a

different principle obtains where several notes are secured in one mortgage and pass into the hands of different holders. In such case, it is said, the note first falling due is entitled to precedence in point of satisfaction from the money realized on the sale of the security. [See Mitchell v. Ladew, 36 Mo. 527; Thompson v. Field, 38 Mo. 320.] But, be this as it may, the rule that the creditor, when the proceeding is between the original parties to the note, may apply the proceeds of the sale of the security to the payment of any portion of the indebtedness, not otherwise secured, is thoroughly established under the decisions above cited, on the principle that the creditor is entitled to the benefit of all of the security he has taken.

But it is argued, though such be true, it was competent for defendant Ogilvie to show that he had a parol contemporaneous agreement with plaintiff's agent at the time of signing the note in suit, to the effect that the proceeds of the sale, in event the property was sold under the mortgage, should be applied, first, to the payment of the note first in the series— that is, the note of $700, signed by Bryant as surety and falling due October 1, 1906—and, second, to the note signed by defendant Ogilvie as surety and falling due October 1, 1907. It is said such agreement was wholly independent of the note sued upon. There can be no doubt that one may show a distinct, collateral, contemporaneous agreement, independent of, and not varying, the written contract between the parties, although it relates to the same subject-matter. [See Brown v. Bowen, 90 Mo. 184, 190.] But such independent, contemporaneous parol agreement touching the same subject-matter is not admissible in evidence if it tends to vary or contradict the terms of the written contract made at the same time. [See Sigler v. Booze, 65 Mo. App. 555.] There can be no doubt that the law enters as a silent factor into and becomes a term of every contract, and under it plaintiff was au-

thorized to apply the payment as it did to the last notes falling due. The independent parol agreement relied upon tends to provide otherwise with respect to the application of the money in payment realized on the sale. Then, too, by the terms of the note itself, defendant Ogilvie agreed unconditionally to pay $700 together with six per cent interest thereon on the first day of October, 1907. The evidence introduced in defense and submitted to the jury by instructions varied and contradicted this written promise to the effect that Ogilvie should pay the amount stated only in event the money realized on the sale was not sufficient to discharge more than the first note of $700 and interest, signed by Bryant as surety, for if more was realized after paying the expense of the sale, it was to be applied on the second note signed by defendant Ogilvie and he should pay the balance remaining due after receiving a credit of the amount so paid. The evidence was incompetent and the court should have rejected it. The court erred, too, in instructing the jury at the request of defendant on this feature of the case. There appears to be no defense to the note whatever.

The judgment should be reversed and the cause remanded with directions to the trial court to enter judgment for plaintiff for the amount of the note and interest thereon, together with costs of suit. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.