VERNON COMPRESS COMPANY, Appellant,

v.

Robert L. WRIGHT, Appellee.

No. 6530.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 31, 1955.

Rehearing Denied Nov. 28, 1955.

Harry Bunnenberg and O. O. McCurdy, Vernon, for appellant.

Poteet & Pruitt, Vernon, for appellee.

NORTHCUTT, Justice.

This is an action in trespass to try title brought on March 11, 1954, by Robert L. Wright as plaintiff against Vernon Compress Company as defendant, to recover Lots Two and Three in Block Seven of the R. F. Jones Addition to the town of Vernon, Wilbarger County, Texas. For convenience, the parties will be referred to herein as plaintiff and defendant as they were in the trial court. Plaintiff pleaded that he was the owner in fee simple of the land in question and was in possession of the premises and that on December 9, 1953 the defendant, through its agents, servants and employees, unlawfully entered upon and dispossessed plaintiff of such premises and wrongfully withheld from him possession thereof. Then plaintiff asked for rent for the use of said premises, further pleading in the alternative, if he was not entitled to recover as owner in fee simple as formerly pleaded, that he and those under whom he claimed had and held continuous, peaceable and adverse possession under title or color of title by transfer from and under the State of Texas, and pleading the three, five, ten and twenty-five year statutes of limitation, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519.

The defendant answered and pleaded not guilty and also a general denial. Then the defendant pleaded that the plaintiff ought not to have and maintain the action against defendant because of the three, five, ten and twenty-five year statutes of limitation. Defendant further pleaded purchase in good faith for valuable consideration, possession and valuable improvements. Defendants further contending that there was a superior outstanding title in the City of Vernon which it had acquired by deed of conveyance.

The case was tried to a jury. The defendant had made its motion for an instructed verdict at the conclusion of the

plaintiff's evidence then presented its second motion for an instructed verdict at the conclusion of all the evidence but the motions were overruled by the court. The court presented the case to the jury upon the following special issues:

"Special Issue No. 1:

"Do you find from a preponderance of the evidence that the defendant, and those under whom it holds, either in person or through a tenant or tenants, or partly in person and partly through a tenant or tenants, have had peaceable and adverse possession of the lands and tenements claimed in plaintiff's petition, cultivating, using and enjoying the same for more than ten years immediately prior to the filing of this suit on the 11th day of March, 1954, during which period they have had such lands and tenements enclosed?

"Answer 'Yes' or 'No'.

"Answer: *No*

"Special Issue No. 2:

"Do you find from a preponderance of the evidence that defendant made permanent and valuable improvements on the land described in plaintiff's petition in the *food* faith and belief that said land belonged to it?

"Answer 'Yes' or 'No'.

"Answer: *No*

"Special Issue No. 3:

"Do you find from a preponderance of the evidence that the improvements, if any, made by defendant upon the land in question enhanced the value of said land to the owner thereof?

"Answer 'Yes' or 'No'.

"Answer: *Yes*

"Special Issue No. 4:

"To what extent, do you find from a preponderance of the evidence, did the making of such improvements, if any, enhance the value of the land in question to the owner thereof?

"Answer in dollars and cents, if any.

"Answer: *$500.00*

"Special Issue No. 5:

"Do you find from a preponderance of the evidence that Mrs. Y. W. Thomason and the heirs of Y. W. Thomason abandoned the land in question?

"Answer 'Yes' or 'No'.

"Answer: *No*"

The defendant presented its objections and exceptions to the court's charge but the same were overruled by the court. Defendant also presented its requested pre-emptory instructions and other requested special matters but all were overruled by the court except as to abandonment by the Thomasons. Defendant presented its motion to set aside the special verdict and findings of the jury and also made its motion for judgment non obstante veredicto, all of which were overruled by the court and judgment rendered for the plaintiff. Exceptions were taken and defendant has perfected this appeal.

The land here involved was patented by the State of Texas to T. Windsor Robinson, trustee, on July 16, 1883. The partition deed was executed by T. Windsor Robinson, trustee, and the other owners of the property on September 11, 1883 whereby R. F. Jones was conveyed the property in question. On October 15, 1889, R. F. Jones conveyed the property to J. A. Rogers. On March 15, 1890, J. A. Rogers conveyed the property to F. P. Heare. On April 11, 1892, A. C. McKinney, as tax collector for the City of Vernon, sold the property in question by summary sale for taxes to the City of Vernon since there were no other bidders. The title received under this sale remained outstanding in the City of Vernon until after the commencement of this suit. On November 17, 1954, the City of Vernon conveyed the lots in question to the defend-

ant, Vernon Compress Company. Notwithstanding the conveyance to the City of Vernon in 1892 for delinquent taxes, F. P. Heare on March 6, 1894, conveyed the property in question to Chester Clarke, Milton May, W. D. Austin, R. N. Austin and J. A. Cummins. J. A. Cummins taking a one-half interest, Clarke and May each taking one-sixth interest, and W. D. Austin and R. N. Austin each taking one-twelfth interest. On May 24, 1894, J. A. Cummins conveyed his undivided one-half interest in this property to Milton May, C. C. Clarke and S. W. Merchant. Since the deed does not designate the share each received, this would give each one-third of Cummins' one-half interest or one-sixth interest of the whole. Since Milton May already owned a one-sixth interest, this would constitute a one-third interest in the property claimed by Milton May. In 1901, the county attorney of Wilbarger County, Texas instituted a suit against Milton May for the collection of state and county taxes and a foreclosure of the tax lien but did not join the City of Vernon nor any of the other part owners of said property. The suit was prosecuted to judgment and an order of sale was issued and the property in question was struck off under such foreclosure sale to W. B. Townsend and, on March 21, 1902, the sheriff conveyed all of the interest which Milton May had on September 8, 1900 to W. B. Townsend. If Milton May had had any interest in the land in question at that time he could not have had but a one-third interest in the same. On September 22, 1905, W. B. Townsend conveyed the property in question to Y. W. Thomason. From the testimony, it is not clear how long Y. W. Thomason or his wife lived on the property in question. Some time about the year of 1941, a man by the name of Shahay took possession of the property and lived on it openly and adversely until September, 1946 when he sold it to J. B. Hardin who entered into possession of the property improving the fences, cultivating and using the land and continued to live thereon until some time during 1952. On January 21, 1952, J. B. Hardin conveyed the property to G. D. Edwards by quit-claim deed. G. D. Edwards died intestate leaving his wife and four daughters, three of the daughters being married and one was single and over twenty-one years of age. All three married daughters joined by their husbands and also the single daughter gave to their mother, Mrs. Florence Edwards, power of attorney granting her authority to sell the property in question and J. B. Hardin also gave Florence Edwards a deed to the property. On August 14, 1953, Florence Edwards by quitclaim deed transferred the property to Vernon Compress Company and the same was recorded on August 15, 1953.

During the latter part of 1953, Robert L. Wright purchased from the heirs of Y. W. Thomason, and their respective wives, their interest in the land in question and had such instruments filed for record on December 7, 1953. Defendant, appellant here, presents its first point of error as follows:

"The trial court erred in overruling that portion of defendant's motion for judgment non obstante veredicto, wherein it is claimed that under the undisputed and uncontradicted evidence no issue of fact was raised for submission to the jury and that a directed verdict for defendant would have been proper and should have been given, because the record shows a prior outstanding title to the property either in the City of Vernon or in the defendant."

Art. 8, Sec. 13 of the Texas Constitution, Vernon's Ann.St., in providing for the sale of lands and other property for sale, is as follows:

"Provision shall be made by the first Legislature for the speedy sale, without the necessity of a suit in Court, of a sufficient portion of all lands and other property for the taxes due thereon, and every year thereafter for the sale in like manner of all lands and other property upon which the taxes have not been paid; and the deed of conveyance to the purchaser

for all lands and other property thus sold shall be held to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud; provided, that the former owner shall within two years from date of the filing for record of the Purchaser's Deed have the right to redeem the land on the following basis".

There was a further provision for redemption, but since there is no contention or showing that any redemption was even attempted, no further consideration will be given to that part of the article. The legislature passed certain laws as required by the above provision of the Constitution. Art. 1059 which was in effect at the time of the sale by the City of Vernon was as follows:

"The assessor and collector shall, when any property has been sold for the payment of taxes, make, execute, and deliver a deed for said property to the person purchasing the same, and such deed shall be prima facie evidence in all controversies and suits in relation to the right of the purchaser, his heirs and assigns, to the premises thereby conveyed of the following facts:

"1. That the land or lot or portions thereof conveyed was subject to taxation or assessment at the time the same was advertised for sale, and had been listed or assessed in the time or manner required by law.

"2. That the taxes or assessments were not paid at any time before the sale.

"3. That the land, lot, or portion thereof conveyed had not been redeemed from the sale at the date of the deed, and shall be conclusive evidence of the following facts:

"(a) That the land, lot or portion thereof sold was advertised for sale in the manner and for the length of time required by law.

"(b) That the property was sold for taxes or assessments as stated in the deed.

"(c) That the grantee in the deed was the purchaser.

"(d) That the sale was conducted in the manner prescribed by law.

"And in all controversies and suits involving the title to land claimed and held under and by virtue of such deed, the person claiming title adverse to the title conveyed by such deed shall be required to prove, in order to defeat said title, either that the land was not subject to taxation at the date of the sale, that the taxes or assessment had been paid, that the land had never been listed or assessed for taxation and assessment, as required by this title, or some ordinance of the city, or that the same had been redeemed according to the provisions of this title, and that such redemption was made for the use and benefit of the person having the right of redemption under the law; but no person shall be permitted to question the title acquired by the said deed without first showing that he, or the person under whom he claims title, had title to the land at the time of the sale, or that the title was obtained after the sale; provided, however, that the owner of such property shall have the right to redeem the same at any time within two years of the day and date of the sale thereof, upon payment to the purchaser of double the amount of taxes for which the same was sold, together with the costs of such sale and double the amount of all taxes paid by the purchaser since such sale. Acts 1875, p. 113; G.L. vol. 8, p. 485."

The constitution provides that the deed of conveyance to the purchaser for all lands and other property thus sold shall be held to vest good and perfect title in the purchaser thereof subject to be impeached only for actual fraud. Art. 7281 which

was also in effect at the time the property was sold to the City of Vernon provides:

> "The tax collector shall execute and deliver to the purchaser, upon the payment of the amount for which the estate was sold, and the cost and penalties, a deed for the real estate sold, which deed shall vest a good and perfect title to said land in the purchaser, if not redeemed in two years, as provided by law, which deed shall state the cause of sale, the amount sold, the price for which the real estate was sold, the name of the person, firm, company or corporation on whom the demand for taxes was made, provided the name is known, and if unknown say 'unknown,' the same description of the land as is given in the tax rolls, and such other description as may be practicable for better identification; and when real estate has been sold, he shall convey, subject to the right of redemption provided for in Article 7283, all the right and interest which the former owner had therein at the time when the assessment was made. Const. art. 8, sec. 13; Id."

The deed to the City of Vernon here in question contained the provisions required in said article. Then the burden was upon the plaintiff to show no levy of the taxes had been made or prove such matters as would be necessary to defeat such sale. Adams v. Royse City, Tex.Civ.App., 61 S.W.2d 853, writ refused. This the plaintiff failed to do.

Under this record, it is clearly shown that the plaintiff could not recover the whole of said property by virtue of his chain of title because it is clearly shown that the plaintiff purchased only the interest of the heirs of Mr. and Mrs. Y. W. Thomason. Y. W. Thomason received his title through W. B. Townsend who purchased the one-third interest of Milton May by virtue of a tax sale. Consequently, before the plaintiff could recover exclusive possession of the property in question, since there were other joint owners,

he must show that the defendant had no title to any interest but was a trespasser. Steddum v. Kirby Lumber Co., 110 Tex. 513, 221 S.W. 920; Holden v. Dahlberg, Tex.Civ.App., 228 S.W.2d 889; Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d 699.

The plaintiff herein has never been in possession of the property in question and must depend upon the rights he acquired by virtue of his purchase from the Thomason heirs. Neither the plaintiff nor any of the Thomason heirs ever brought suit in trespass to try title until March 11, 1954 when the plaintiff brought this action. There was, at the time this suit was filed, and had been, before the Thomasons ever received or claimed any interest in the property in question, an outstanding title to this property, namely the title held by the City of Vernon under the deed above discussed. Whatever title the City of Vernon had was transferred to the defendant. Since it was shown the City of Vernon had a title superior to that claimed by the plaintiff, this was a bar to the plaintiff's recovery. Adams & Wicks v. T. W. House, 61 Tex. 639.

We are of the opinion that the City of Vernon held good title to the property in question under its sale for taxes in 1892, and under Art. 5517, being formerly Art. 5683 of the Revised Statutes of Texas, no one could claim title by limitation against the rights of the City of Vernon. Neither the Thomason heirs nor plaintiff had ever been in possession of the property in question but were claiming through Y. W. Thomason's title and his limitation title but Thomason had never completed his limitation title by suit prior to the limitation title of appellant as proven to have been completed ten years just prior to the filing of this suit. The undisputed record in this case is that the defendant and those under which it claims (not even considering defendant's right under its deed from the City of Vernon) had had peaceable and adverse possession of the lands in issue cultivating, using and enjoying the same for a period of more

than ten years prior to the filing of this suit. The plaintiff cannot base his claim to the property upon the defects, if any, of the defendant's title or rights but must depend upon his own title or rights. Since plaintiff, appellee here, failed to show the necessary facts to defeat the title in the City of Vernon under the tax sale, we are of the opinion that appellant's first point of error should be sustained. Kenley v. Robb, Tex.Com.App., 245 S.W. 68.

 Appellant's second and third points of error are as follows:

"All other considerations aside, the trial court erred in granting judgment to appellee for the title and possession of all of the lots in question, the undisputed evidence showing that, at most, he had record title only to an undivided one-third interest therein, and there being no finding that appellee had acquired a possessory title by limitations to the remaining two-thirds; such question and issue having been raised by (a) appellant's motion for a directed verdict made after the conclusion of plaintiff's case in chief, (b) appellant's second motion for instructed verdict made after conclusion of all the evidence, (c) appellant's requested preremptory instruction, (d) appellant's motion to set aside the jury's findings, and (e) appellant's motion for judgment non obstante veredicto, all of which were overruled and denied by the trial court."

"The verdict of the jury, in answer to Special Issue No. 1, is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust, in that, the evidence overwhelmingly shows that the appellant, and those under whom it holds, either in person or through a tenant, or partly in person and partly through a tenant or tenants, have had peaceable and adverse possession of the lands and tenements in question, cultivating, using and enjoying the same for more than ten years immediately prior to the filing of this suit on the 11th day of March, 1954, during which period they have had such lands and tenements actually enclosed; and so, it was error for the trial court to overrule and deny appellant's motions for a directed verdict (Tr. pp. 41, 43), appellant's requested peremptory instruction (Tr. p. 50), appellant's objections and exceptions to the court's charge (Tr. p. 54), appellant's motion to set aside the verdict on special issues (Tr. p. 59), and appellant's motion for judgment non obstante veredicto (Tr. p. 62), and to render and enter judgment for appellees (Tr. pp. 66–69)."

It is clearly shown by this record that if plaintiff, through Thomason, had any record title he could only have an undivided one-third interest. Since plaintiff did not request any issue as to his contention of limitation and none was given by the court, he waived his claim to recovery by the statute of limitation. Johnston v. Winn, Tex.Civ.App., 105 S.W.2d 398, writ dismissed; Baker v. Mays & Mays, Tex.Civ. App., 199 S.W.2d 279, writ dismissed. We are of the opinion and so hold that the overwhelming weight of the evidence, if not the undisputed evidence, shows that defendant, appellant here, and those under whom it holds have had peaceable and adverse possession of the property in question, cultivating, using and enjoying the same for a period of more than ten years immediately prior to filing of this suit on March 11, 1954. It cannot be successfully contended that, if the Thomasons had secured title by limitation many years ago, but had never perfected that title by suit but abandoned possession and let others take complete possession and control, that such others could not secure title to the same property by limitation. To hold that it is necessary that Shahay's entry upon or holding of the land be founded upon his having some character of title would be opposed to the theory of the ten years limitation statute. This is true as to those parties under which the appellant received the interest above mentioned. Appellant's points of error two and three are sustained.

Judgment of the trial court is reversed and judgment is rendered that Vernon Compress Company have title and possession of Lots Two and Three of Block Seven of the R. F. Jones Addition to the town of Vernon, Wilbarger County, Texas.