A. R. McHANEY, Appellant,

v.

H. B. HACKLEMAN et al., Appellees.

No. 13745.

Court of Civil Appeals of Texas.

San Antonio.

May 24, 1961.

Rehearing Denied June 21, 1961.

North, Blackmon & White, Corpus Christi, for appellant.

Jack K. Pedigo, W. B. Carter, Corpus Christi, for appellees.

BARROW, Justice.

This suit is by A. R. McHaney, as plaintiff, against H. B. Hackleman and W. B. Carter, as defendants, for specific performance of a written contract for the sale and purchase of real estate. The trial was to a jury upon special issues. The plaintiff moved for judgment upon the verdict. The defendants moved for judgment notwithstanding the verdict, as well as to disregard the jury's answers to certain issues. The court granted defendants' motion for judgment non obstante veredicto and denied specific performance, but entered judgment that McHaney recover against the defendants, jointly and severally, the sum of $1,000. Plaintiff, McHaney, and defendant Carter gave notice of appeal, however plaintiff alone perfected his appeal.

On February 14, 1959, McHaney, as seller, and Hackleman, as buyer, entered into a written contract for the sale of the following described property situated in Nueces County, Texas:

"The Southwesterly 79.1 feet of Lots Nos. Thirteen (13) and Fourteen (14) in Block No. Nine (9) in Southmoreland, an Addition to the City of Corpus Christi, Texas, Save and Except, however, ten (10) feet off the West or Northwest side of said Lot No. Thirteen (13), which was conveyed to Nueces County for Highway purposes

by deed recorded in Vol. 199, page 354 of the Deed Records of Nueces County, Texas;

This conveyance includes all improvements located on said lots."

The contract, among other things, provided that the seller agreed to furnish title insurance to be issued by the Guaranty Title and Trust Company of Corpus Christi, Texas, in the usual and customary form, and further provided that the title company's agreement to issue said policy upon closing, shall be deemed sufficient for closing, and the deal shall thereupon be closed. The contract further provided that the purchase price was $60,000 in cash, payable when the deed to said land was executed and delivered to the purchaser. The contract further provided that the deal should be closed on or before March 14, 1959, and also provided: "Purchaser has this day deposited with the Guaranty Title and Trust Company the sum of One Thousand ($1,000.00) Dollars as earnest money hereunder to be applied on the cash payment above set out when deal is closed, at which time the balance of cash consideration shall also be paid. Should the Purchaser fail to consummate this contract as herein specified for any reason, except title defects, Seller shall be entitled to receive cash deposit as liquidated damages for the breach of this contract, or he may at his option, enforce specific performance hereof." The $1,000 earnest money and a copy of the contract were left with the Title Company.

On March 3, 1959, the Title Company notified Hackleman that it was ready to issue the policy and the deal was ready to close, however, Hackleman requested additional time, until March 23, 1959, in which to secure the necessary money, and the additional time was granted by McHaney. On March 23, 1959, Hackleman notified McHaney that he could not secure the money, and that McHaney could draw down the earnest money, but he did not authorize the Title Company to pay the money to McHaney. McHaney attempted to get the money, but the Title Company refused to pay it to him without written authority from Hackleman. On April 28, 1959, the Title Company sent Hackleman a form letter authorizing the release of the money and requested him to execute and return it. Hackleman did not do so. Thereafter, between April 28 and May 15, 1959, Hackleman made several trips from his home in Oklahoma to Corpus Christi, Texas, but did not contact McHaney, nor authorize the release of said earnest money. On May 15, 1959, McHaney, through his attorney, Jack E. A. White, notified Hackleman that McHaney would not accept the earnest money, but would insist on specific performance of the contract.

On March 4, 1959, defendant W. B. Carter wrote the following letter to the Title Company:

"March 4, 1959

"Miss Lorine Jones
"Title Department
"Guaranty Title and Trust Co.
"P. O. Box 2020
"Corpus Christi, Texas
 "Re: McHaney-Hackleman File
"Dear Miss Jones:

"This will acknowledge receipt of your letter of March 3, 1959, and a copy of the Warranty Deed in connection with the above file.

"Please be advised that Mr. Hackleman and myself are purchasing this property in partnership and therefore, the deed should be executed by A. R. McHaney, et ux conveying to H. B. Hackleman and Witold B. Carter, the Southwesterly 79.1 feet of Lots 13 and 14, Block 9, Southmoreland, save and except 10 feet off the NW side of Lot 13. Please correct the deed to read as such.

"Thanking you for your kind cooperation, I remain,

 "Very truly yours,
 "/s/ Witold B. Carter
 "Witold B. Carter jf
"WBC:jf"

Carter participated in all of the negotiations, purporting to act as attorney for Hackleman, but McHaney did not know that Hackleman was acting for both Carter and himself until just before the filing of this suit.

■ The jury found in answer to Special Issues Nos. 1 and 2, respectively, that a partnership existed between Hackleman and Carter on February 14, 1959, and on March 4, 1959, for the purchase of the property from McHaney. Carter contended in the trial court and contends here, that his agreement with Hackleman was contingent upon Hackleman's completing his contract with McHaney and securing the finances for the purchase of the property. However, Carter admitted that he was to be co-signer on the note for the purchase money. In answer to Special Issue No. 3, the jury found against Carter on his contention. We are of the opinion that the jury's answers to Special Issues Nos. 1, 2 and 3, are supported by evidence. Carter's letter, above set forth, is evidence that he was a partner and principal from the beginning. It is also evidence that Carter's participation in the contract was not conditional, as alleged by him. His testimony that it was conditional, corroborated by the testimony of Hackleman, was not binding on the jury. They were both parties to the suit and their testimony was not binding on the court, it only raised an issue of fact for the jury to determine.

■ Carter further contends that since the contract was not signed by him it is not enforcible against him, because it comes within the provisions of the statute of frauds, Art. 3995, Vernon's Ann.Tex.Stats., which provides:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith * * *

"4. Upon any contract for the sale of real estate * * *."

Carter's letter expressly referred to the "McHaney-Hackleman File" in the office of the Title Company, which file contained, among other things, a copy of the written contract between McHaney and Hackleman. Carter's letter also referred to and replied to a letter from the Title Company, containing a copy of the closing statement and a deed prepared under the terms of the McHaney-Hackleman contract. That letter expressly adopts the contract as Carter's own, and for the first time discloses that he is a partner with Hackleman in the contract. We are of the opinion that the letter "signed" by Carter is a memorandum "in writing" of the "agreement" and is binding on him. Oliver v. Corzelius, Tex.Civ.App., 215 S.W. 2d 231, affirmed in part, and reversed in part on other grounds, 148 Tex. 76, 220 S.W.2d 632; Burris v. Hastert, Tex.Civ.App., 191 S.W.2d 811. It is not disputed that McHaney on and prior to March 14, 1959, was ready in all things to comply with the terms of the contract, and that Hackleman failed to comply. Under the jury findings in response to Special Issues Nos. 1, 2 and 3, McHaney was entitled to exercise either one of his two options provided for in the contract, against both Hackleman and Carter. The only question is whether McHaney has precluded himself from electing to pursue his remedy of specific performance, under the affirmative defenses urged by Hackleman and Carter, or, more precisely stated, have the defendants established any one or more of these affirmative defenses by the verdict of the jury, or as a matter of law by the undisputed evidence?

■ The defendants alleged in their trial pleading that McHaney agreed to accept the liquidated sum of $1,000 in satisfaction of said contract and in extinguishment of his right of specific performance, and that prior to the filing of this suit on June 1, 1959, defendants tendered to McHaney said sum of money. That such action on the part of McHaney constituted an accord and satisfaction, or novation of the original contract, and that by reason thereof he is estopped to seek specific performance of

that contract. That such agreement by McHaney constituted an election by him, and that by reason of such election, and reliance thereon by defendants, McHaney is estopped to seek specific performance.

The jury found that McHaney did not "on or about March 23, 1959, or thereafter, and before July 26, 1959," elect, either in writing, verbally, or by a course of action indicating such an election, to accept the $1,000 escrow money as liquidated damages. The testimony of McHaney supports that finding. Moreover, such an agreement, even if made, would not constitute a valid and binding contract between the parties. All that Hackleman offered was the earnest money, which, under the terms of the contract, McHaney was entitled to receive whether the contract was performed or not. There was, therefore, no consideration for such agreement. Even if the release of the earnest money would be a consideration for such agreement, then such consideration wholly failed because the jury found that Hackleman failed to release the same within a reasonable time, under all the facts and circumstances. There was evidence that McHaney did not agree in writing or verbally, to accept such money as liquidated damages, but freely admitted that he would have done so had the money been released by Hackleman. He testified that for almost two months he attempted to get the money. On the other hand, it is undisputed that Hackleman, instead of releasing, attempted unsuccessfully to make a new deal with McHaney to buy a small portion of the property for a lesser amount of money and thereby salvage the earnest money.

■■ The defenses of accord and satisfaction, novation, estoppel, election of remedies and waiver, are all affirmative defenses, and it was necessary for Hackleman and Carter to specially plead, prove and secure favorable jury findings thereon, unless such defenses were established as a matter of law by undisputed evidence. Rule 279, Texas Rules of Civil Procedure. These pleas were independent grounds of defense, and if they are not established by the undisputed evidence, and no issues thereon are submitted to the jury or requested in substantially correct form by defendants, such defenses are waived by the party relying thereon. Grant v. Marshall, 154 Tex. 531, 280 S.W.2d 559; Vernon Compress Co. v. Wright, Tex.Civ.App., 284 S.W.2d 168, affirmed in part, reversed in part, 156 Tex. 474, 296 S.W.2d 517; Rule 279, T.R.C.P. Hackleman and Carter contend that even though issues of fact are raised by the evidence, that McHaney should have requested that the issues be submitted, otherwise he waives his right to have the jury pass thereon, and having waived such right, these findings of fact could be made by the trial court. We overrule that contention. The clear and plain language of Rule 279, T.R.C.P., is to the contrary. Authorities supra.

■ This brings us to the question of whether the defenses were established by the undisputed evidence as a matter of law. The defense of accord and satisfaction was not established for the reason that, even if it could be said that McHaney did in fact assent to accept the earnest money in full satisfaction of the contract, the jury found that Hackleman failed to release the money within a reasonable time. Moreover, as heretofore stated, there was no consideration for such agreement. The defenses of election and estoppel have not been established, in fact, the evidence established the contrary. We think the law is well settled that the mere institution of suit, which is not prosecuted to judgment, or the application for a remedy, does not constitute an election of remedies, unless the litigant has received some benefit or his opponent has suffered some loss or detriment. Seamans Oil Co. v. Guy, 115 Tex. 93, 276 S.W. 424; Gerard v. National Bond & Mortgage Corporation, Tex.Civ.App., 86 S.W.2d 74; Hartford Life Ins. Co. v. Patterson, Tex. Civ.App., 231 S.W. 814; Rice v. Garrett, Tex.Civ.App., 194 S.W. 667; 21 Tex.Jur.2d 208, § 10. There is no evidence in the record to show any benefit to McHaney or any loss or detriment to either Carter or Hackleman, brought about by reason of McHaney's

attempt to secure the earnest money. Nor is there any evidence in the record showing that either Carter or Hackleman was caused to alter his position to his detriment by reason of any conduct of McHaney. Therefore, neither election nor estoppel was established. Moreover, the defense of election was submitted to the jury and answered adversely to defendants.

We come now to the defense of waiver. The record shows that on April 10, 1959, at and during the time he was led to believe that Hackleman was going to release the earnest money, McHaney entered into a real estate listing contract with one Paul Hamon, giving him a ninety-day exclusive agency to sell the property in question. The evidence shows that on May 14, 1959, when McHaney decided to seek specific performance of the contract of sale with Hackleman, he and Hamon by mutual agreement abandoned the listing. The trial court, over McHaney's objection that there was no pleading to support such issue, submitted an issue inquiring if McHaney made such listing. The jury found that he did. Hackleman and Carter contend that under Rule 90, T.R.C.P., McHaney waived lack of pleading by not objecting to the introduction of the evidence. We overrule that contention. The evidence was admissible on the issue of election and therefore an objection to such evidence would not have been good. The defendants did not plead waiver based upon such listing. Moreover, when the objection to the issue was presented, Hackleman and Carter did not amend their pleading to cover such issue. Therefore, under Rules 67, 90, 94, 277 and 279, T.R.C.P., such finding by either the jury or the court could not form the basis for judgment. Andrews v. Powell, Tex.Civ.App., 242 S.W.2d 656, 662. Waiver is an issue of fact to be determined by the jury and should be submitted. Andrews v. Powell, supra.

We are of the opinion that the court erred in rendering judgment only for the amount of the earnest money, and that judgment should have been rendered for specific performance as prayed for by plaintiff, McHaney. Therefore, the judgment of the trial court is reversed and judgment here rendered in favor of A. R. McHaney for specific performance. That A. R. McHaney is adjudged to be the owner of the $1,000 earnest money now held by the Guaranty Title and Trust Company of Corpus Christi, Texas. That A. R. McHaney recover judgment against H. B. Hackleman and W. B. Carter, defendants, in the additional sum of $59,000, and that the implied vendor's lien against the above described property be fixed, established and foreclosed, and that an order of sale issue and the property be sold as under execution.