**W. B. CARTER, Appellant,**

v.

**A. R. McHANEY, Appellee.**

No. 8.

Court of Civil Appeals of Texas.
Corpus Christi.
Nov. 14, 1963.

Luther Jones, Jr., Corpus Christi, for appellant.

Jack White of North, Blackmon & White, Corpus Christi, for appellee.

GREEN, Chief Justice.

This suit was filed in the District Court of Nueces County, Texas, by W. B. Carter, appellant, against A. R. McHaney, appellee, seeking by way of a declaratory judgment a judicial declaration as to exactly how much Carter owed McHaney on the judgment of the Court of Civil Appeals, 4th Supreme Judicial District in McHaney v. Hackleman, et al., Tex.Civ.App., 347 S.W.2d 822, writ ref. n. r. e.

The prior suit was brought by McHaney against Hackleman and Carter for specific performance of a written contract whereby McHaney should sell, an Hackleman should buy certain described improved real property in the City of Corpus Christi, Nueces County, Texas, for the sum of $60,-000.00 to be paid on or before March 14, 1959.

In June, 1959, McHaney filed suit for specific performance against Hackleman and Carter to compel buyers to pay him $60,000.00 for said realty. A jury trial followed, and, though the jury verdict was favorable to plaintiff, the trial court on December 9, 1959, rendered judgment non obstante veredicto denying specific performance and awarding plaintiff recovery of the $1,000.00 earnest money. McHaney appealed and, as shown in the opinion, 347 S.W.2d 822, delivered May 24, 1961, the Court of Civil Appeals reversed and rendered, finding Carter liable as a partner with Hackleman in the contract to purchase, and holding that on the jury verdict, judgment should have been rendered for specific performance.

After writ of error was denied by the Supreme Court, n. r. e. the mandate of the Court of Civil Appeals was issued to the District Court and filed by the District Clerk of Nueces County on November 2, 1961. In view of the effect we give this mandate later in this opinion, we copy the order of the Court therein contained as follows:

"This cause came on to be heard on the transcript of the record, and the same being examined, because it is the opinion of the Court that there was error in the judgment of the Court below in rendering judgment against the appellees, H. B. Hackleman and W. B. Carter, only for the amount of the earnest money, it is therefore considered, adjudged and ordered that said judgment be, and it is hereby, reversed, and judgment here rendered for specific performance that should have been rendered by the Court below.

"It is therefore, ordered, adjudged and decreed that appellant, A. R. Mc-Haney, do have and recover of and from the appellees, H. B. Hackleman and W. B. Carter, the sum of $1000.00 earnest money held by the Guaranty Title and Trust Company of Corpus Christi, Texas, and judgment for the additional sum of $59,000.00, and that the implied vendor's lien against the property described in Plaintiff's Original Petition, as found in the transcript, be fixed, established and foreclosed, and that an order of sale issue and the property be sold as under execution.

"It is further ordered that Appellees, H. B. Hackleman and W. B. Carter, pay all costs of this Court in this behalf expended and incurred, and this decision be certified below for observance."

Thereafter the property was sold under execution on February 6, 1962, for $45,000.-00, of which $68.60 was applied to court costs, $261.81 to costs of the sale, and the balance was credited to the indebtedness.[1] On April 26, 1962, Carter paid McHaney

1. Although the order in the appellate court judgment and in the mandate specified $1,000.00 earnest money, and $59,000.00, additional judgment, the statement of facts in the present cause treats this as a judgment for $60,000.00 and says nothing as to what happened to the earnest money deposit.

$7,494.30 on the balance of his debt.[2]  No other payment has been made on the judgment rendered by the 4th Court of Civil Appeals.

The present cause was tried on a written stipulation of facts which, together with the mandate of the Court of Civil Appeals, constitute the entire statement of facts.

From the time the sales contract was signed until the date of the execution sale on February 6, 1962, McHaney was in possession of the property, using same for his own purposes and collecting rents and revenues therefrom.

It was stipulated that from November 13, 1959, the agreed date of the termination of the trial in the other suit, to February 6, 1962, the amount of gross revenues produced by said realty and retained by McHaney was $9,550.55, of which $2,125.45 was applied to payment of taxes, $593.80 to insurance premiums, and $334.31 to repairs.  Carter raised no objections to the propriety of these expenses, but asserted a right to have the net revenues applied as part payment on his debt, alleging that during said period McHaney was mortgagee in possession.  McHaney denied such claim.

On November 2, 1945, McHaney had executed a note for $13,000.00, secured by a mortgage on this realty, and he claimed the right to deduct from said gross revenues the sum of $1,100.00 interest paid on this loan, in the event Carter was to be entitled to apply such net revenues on his debt. Carter contended that this was not a proper charge against him.

The disputed issues in the trial court resolved to the following:

1.   Was Carter entitled to offset against his debt to McHaney the amount of rents and revenues, after deduction of the expenses of taxes, insurance, and repairs, produced by said realty from November 13, 1959, which according

to the stipulation of the parties, was the date of the termination of the district court trial, and the date from which Carter claimed, to February 6, 1962, the date of the execution sale?

1(a)  Was McHaney entitled to include as a proper expense, to be deducted from gross revenues along with taxes, insurance and repairs, the item of interest paid on the note owing by him?

2.  Was Carter entitled to offset against his debt the amount of reasonable rental value of McHaney of the portion of the realty which the parties stipulated McHaney did use during the period, which reasonable rental value, so the parties agreed, was $100.00 per month for each month of said period?

3.  Was McHaney entitled to interest on the $60,000.00 purchase price, at 6% per annum from March 14, 1959, the date of the breach of the sales contract by the vendees, to February 6, 1962?

Basing his findings on the stipulation of the parties, and crediting Carter with the net amount received from the execution sale and with his cash payment of $7,494.30 on April 26, 1962, the trial court ruled as follows:

"It is the finding and opinion of the Court that A. R. McHaney as Vendor in possession of the property from March 14, 1959 (the date on which W. B. Carter, the Vendee, was due to pay $60,000.00 purchase price) shall retain all rents and revenues of the subject property received by him until the date of May 24, 1961 (the date on which the Court of Civil Appeals reversed the judgment of the lower Court and rendered a judgment for specific performance).  The Court further finds that during such period, W. B. Carter, as Vendee, is not liable to A. R. McHaney

---

2.  Hackleman does not appear in the present case in any way, and the trial was

had as though Carter had the whole burden of discharging this debt.

for interest on the purchase price of $60,000.00.

"The Court further finds and is of the opinion that A. R. McHaney, as Vendor, is entitled to interest on the sum of $60,000.00 from the date of May 24, 1961 (date of the Court of Civil Appeals judgment) to February 6, 1962 (date of the foreclosure sale by the Sheriff of Nueces County, Texas), and that during such period, W. B. Carter is entitled to the said rents and revenues received during such period by A. R. McHaney as Vendor in possession of the property. The Court is further of the opinion that the claim of W. B. Carter against A. R. McHaney for reasonable rental for the use of part of the property in the operation of A. R. McHaney's business during the period is denied, and the claim for credits to apply against rents collected by A. R. McHaney for interest on mortgage payments is denied as being an obligation which A. R. McHaney could have liquidated and would have saved the interest thus accruing."

The Court found that the balance of Carter's indebtedness to McHaney was $11,239.72, and rendered judgment for McHaney for that amount, with interest at 6% per annum from May 7, 1963, until paid.

Appellant's appeal is based on two propositions. (1) He asserts the right to offset, against his debt to McHaney, the amount of net revenues collected and retained by McHaney from the realty during the period from November 13, 1959, to February 6, 1962. The trial court allowed him credit only for such net revenues collected after May 24, 1961, the date of the opinion of the 4th Court of Civil Appeals. (2) He asserts the right to offset the rental value of the use made of the property for his business purposes by McHaney while he was in possession thereof between November 13, 1959, and February 6, 1962, which the parties stipulated to be $100.00 per month. The court denied this claim in toto.

Appellee McHaney denies that appellant is entitled to such offsets, and in addition in a counter claim asserts that the trial court erred in not awarding him interest on the $60,000.00 from March 14, 1959, the date of the breach of the contract by appellee. The trial court's ruling was that interest started from May 24, 1961. McHaney further claims the right to charge, against the rents and profits of the building, the item of $1,100.00 paid by him as interest of his note above mentioned.

■ As shown by his rulings mentioned above, the trial court accepted May 24, 1961, the date of the opinion of the 4th Court of Civil Appeals in McHaney v. Hackleman, et al., supra, as the effective date of that court's judgment and mandate. In this, we believe that the court erred. We agree with the statement contained in appellee's brief, that there is ample authority for the proposition that a judgment of an appellate court reversing and rendering an erroneous judgment of a trial court relates back to the entry of the improper judgment. Givens v. Missouri Kansas Texas Railroad Company of Texas, 196 F.2d 905 (5th Cir., 1952); Deming Inv. Co. v. Giddens, 41 S.W.2d 260 (Tex. Civ.App., 1931, writ dism. agreement of parties); Houston Gas & Fuel Co. v. Perry, 127 Tex. 102, 91 S.W.2d 1052; Smith v. American Fire & Cas. Co., 242 S.W.2d 448 (Tex.Civ.App., 1951, no writ history); D. C. Hall Transport, Inc. v. Hard, 355 S.W.2d 257 (Tex.Civ.App., 1962, writ ref. n. r. e.).

In the case of D. C. Hall Transport, Inc. v. Hard, 160 Tex. 565, 335 S.W.2d 584, the Supreme Court of Texas reversed a trial court judgment non obstante veredicto entered for the defendant with instructions to the trial court that certain necessary omitted findings of fact be made, and that having made such additional findings it proceed with the disposition of the cause under Rule 279 just as though no judgment non obstante veredicto had been entered. The trial court, in line with the opinion

of the Supreme Court, made its findings of facts on the unsubmitted issues, and entered judgment for the plaintiff, to include interest on the amount of the judgment from the date of the original entry of the judgment non obstante. This point was raised on appeal, and was disposed of in favor of the plaintiff, in D. C. Hall Transport, Inc. v. Hard, 355 S.W.2d 257 (Tex.Civ. App., 1962, writ ref. n. r. e.). The court said, in this regard, 355 S.W.2d page 260:

"We overrule defendants' contention that the court erred in the judgment of March, 1961, in awarding interest from March 13, 1958, the date of the judgment non obstante.

"It is to be remembered the Supreme Court did not remand for a new trial. The case was remanded with directions to the trial court to make certain findings, on the evidence adduced at the original trial, and enter judgment in accordance with such findings. In effect the 1961 judgment was the judgment which should have been rendered on March 13, 1958, when the non obstante judgment was rendered. Since the judgment non obstante was erroneous, and the 1961 judgment took its place, plaintiff was entitled to interest from the date of the erroneous judgment. Smith v. American Fire & Casualty Co., Tex.Civ.App., 242 S.W.2d 448."

■ From the record in the prior trial, which both parties by agreement filed in this court as a part of the record in the present appeal, we note that the district court judgment non obstante veredicto was rendered and dated December 9, 1959, to become effective as of that date. That was the judgment which was reversed when the judgment was rendered for McHaney for $60,000.00, in McHaney v. Hackleman, supra. When the mandate of the appellate court, reciting such judgment, was filed in the district court, that superseded the trial court judgment and became the judgment in the case. The mandate recites that it is the judgment "that should have been rendered by the court below." Hence, having superseded and taken the place of the erroneous judgment, its legal effect dates from the December 9, 1959, date of said trial court decree. See cases cited above.

■ The order of the appellate court, as contained in its said mandate, having become effective from December 9, 1959, the date of the superseded judgment non obstante veredicto, and having failed to make reference to interest, it should bear interest at 6% per annum from that date, as provided by Article 5072, Vernon's Ann. Tex.St., which reads in part as follows:

"All judgments of the courts of this State shall bear interest at the rate of six per cent per annum from and after the date of the judgment, * * *."

■ Appellee asserts a right to have interest on the sum of $60,000.00 start from March 14, 1959, the date of the breach of the contract. If he ever had such right, it was waived when he failed to have the Court of Civil Appeals pass on that issue in the other cause. That court having granted judgment for the definite sum of $60,000.00, and such judgment having become effective as of December 9, 1959, we hold that such judgment bears interest at 6% per annum from December 9, 1959, until paid. Deming Investment Co. v. Giddens, supra; Houston Gas & Fuel Co. v. Perry, supra; Smith v. American Fire & Cas. Co., supra; Givens v. Missouri Kansas Texas Rr. Co., supra; D. C. Hall Transport, Inc. v. Hard, supra.

■ As stated heretofore, from the date of the execution of the contract of sale until the execution sale on February 6, 1962, McHaney remained in possession of the property in question. He elected, by his suit for specific performance, to enforce rather than rescind the contract and secured his judgment for the purchase price with equitable lien on the property to enforce payment thereon and with order of sale under execution. Said judgment hav-

ing become effective as of December 9, 1959, the date of the erroneous judgment non obstante, and bearing legal interest from that date in McHaney's favor, we are convinced that from such time, McHaney should be deemed to have been in the position of mortgagee in lawful possession of the property, with all the rights and obligations of such.

It is the generally accepted rule of law that a mortgagee lawfully in possession must account for the rents and profits received by him or, even under some circumstances, that he might have received by the use of reasonable diligence and care. 39 Tex.Jur.2d, Mortgages and Trust Deeds, Sec. 54, p. 83 et seq.; 46 A.L.R. 138 et seq.; 25 A.L.R.2d 961 et seq.; Miller v. White, et al., 264 S.W. 176 (Tex.Civ.App., 1924, n. w. h.); Pioneer Building & Loan Ass'n v. Cowan, 123 S.W.2d 726 (Tex.Civ. App., 1938, writ dism. jdm. corr.); Pioneer Building & Loan Ass'n v. Compton, 138 S.W.2d 884 (Tex.Civ.App., 1940, n. w. h.); Norris v. Patterson, 261 S.W.2d 758 (Tex. Civ.App., 1953, writ ref. n. r. e.).

Proper expenses incurred by the one in possession in connection with his possession, such as taxes paid, insurance premiums, and reasonable repairs, may be deducted from such gross revenues, 39 Tex. Jur.2d, Sec. 57, page 86, and these items were admitted by Carter to be legitimate expenses.

We accordingly hold that Carter is entitled to be credited on his debt with the net amount of rents and revenues, after deducting taxes, insurance and repairs, that said building produced and which were retained by McHaney for the period between December 9, 1959, and February 6, 1962.

Carter was in no way obligated for the interest which McHaney owed his creditor on the note McHaney had signed. To charge Carter with this item, while also holding him liable to McHaney for interest on Carter's obligation, would be imposing on Carter a responsibility for double interest. We hold that McHaney was not entitled to deduct as a proper expense the $1,100.00 item of interest on the note which he had executed and secured by a lien on this property prior to all of this litigation.

It was stipulated by the parties that while McHaney was in possession of the property he used part of it for his business purposes without paying rent and that the reasonable rental value of said use for such period was $100.00 for each month. The authorities cited above wherein it was held that the net rents and revenues received from the property by McHaney should be credited to the indebtedness, support the legal principle that Carter is entitled to have such admitted rental value also applied thereto. We, therefore, hold Carter is entitled to have applied to his indebtedness the sum of $100.00 per month for such reasonable rental value from December 9, 1959, to February 6, 1962.

Summarizing our holding on the matters in dispute between the parties on this appeal, we have held as follows:

(1) Appellee is entitled to interest at the rate of 6% per annum on the judgment debt of $60,000.00 from December 9, 1959, until paid, allowing proper credit on principal and interest (without compounding interest) for the net sum received from the execution sale on February 6, 1962, and the cash payment of $7,494.30 made by appellant on April 26, 1962.

(2) Credit for the amount of net rents and revenues collected and retained by appellee from the property for the period from December 9, 1959, to February 6, 1962, shall be allowed appellant as an offset to his indebtedness.

(3) The claim of appellee to deduct, from the amount of gross revenues produced by the realty, the sum of $1,-100.00, paid by him as interest on the note executed by him is denied.

(4) Credit for the rental value of the use for business purposes made by appellee of this property, at the agreed sum of $100.00 per month, for the period between December 9, 1959, on February 6, 1962, shall be allowed appellant as an offset to his debt.

We would like to be in a position to reform the judgment of the trial court and render judgment herein, but due to calculations of interest which must be made and the absence of stipulations as to the amount of net rents and revenues which accrued between November 13, 1959, and December 9, 1959, we cannot do so.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with this opinion.

The costs of the appeal are assessed equally one-half to each party.